**Erick Floyd GRIFFIN, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14253.**

Court of Criminal Appeals of Oklahoma.

April 2, 1969.

Delbert Brock, McAlester, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Jerry H. Holland, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in error, hereinafter referred to as the defendant, was charged by information in the District Court of Oklahoma County with the crime of Grand Larceny, After Former Conviction of a Felony. He

was tried by a jury, found guilty and his punishment assessed at ten years in the penitentiary. From that judgment and sentence he has appealed to this Court.

It appears, from the record, that the defendant was observed stuffing money in his pocket and leaving the site of a cash register in a grocery store located in Oklahoma City on March 29, 1966. Defendant was detained while attempting to leave the store after a scuffle with some store employees and customers. As a result of an audit of the store funds, it was shown that there was a shortage of $857.00 from the cash box. And, it was shown that defendant, when he was detained, had in his possession a wad of money in the approximate amount of $858.00.

It is defendant's first assignment of error that he was denied a fair and impartial trial, and due process of law by the failure of the trial court to grant him a continuance for the reason that shortly prior to trial, the defendant's counsel, Mr. Carroll Samara, was held in contempt and ordered to be taken to jail in the presence of several individuals while appearing in another court. Although defendant's trial counsel was in custody for only a short period of time, it is his argument on appeal that news of the event circulated throughout the courthouse, was covered by the press, and that defendant's trial jury may have heard such news and have been prejudiced thereby. Defendant's trial counsel made a motion for continuance and a motion for a mistrial, which were overruled.

In support of this proposition, defendant cites Estes v. Texas, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965), and Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733 (1963), but relies most heavily upon Sheppard v. Maxwell, 384 U.S. 333, 85 S.Ct. 1507, 16 L.Ed.2d 600 (1966).

This Court is familiar with the Supreme Court's decision in Sheppard v. Maxwell, and finds that the fact situation in the instant case differs greatly from the Sheppard case and is inapplicable.

This Court, in view of Sheppard v. Maxwell, supra, held in Shapard v. State, Okl. Cr., 437 P.2d 565:

"Mere fact that prospective jurors have read newspaper or other publicity items critical of defendant does not, by itself, establish bias, pre-judgment, or other disqualification on part of prospective jurors, and does not entitle defendant to postponement of trial for indefinite or substantial period of time."

"Where there has been widespread adverse pretrial publicity about defendant, proper procedure in vast majority of cases is not to postpone trial indefinitely or for substantial period of time, but to proceed to trial and to determine on voir dire of panel and individual talesmen whether fair and impartial jury can be selected."

■ In the instant case it is quite apparent from a review of the record that there was nothing near the degree of publicity saturation by the news media as was involved in the *Shapard* case, supra. It is also noted that the voir dire of the jury has not been preserved in the record and forwarded to this Court in order that it may be reviewed to determine whether or not the jury was prejudiced by virtue of new articles concerning defense counsel's contempt citation. Therefore, it would appear that it was a matter within the trial court's sound discretion as to whether or not a continuance was justified. As this Court stated in Riddle v. State, Okl.Cr., 374 P.2d 634:

"These facts present a situation clearly within the discretion of the trial court. Unless there has been a clear abuse of discretion, the trial court's refusal to grant a continuance will not be disturbed."

In a similar fact situation pertaining to newspaper coverage and possible resulting prejudice, this Court, in Gillaspy v. State, 96 Okl.Cr. 347, 255 P.2d 302, held:

"No where in the record is the charge of prejudice supported by any evidence other than the article attached to the

motion. It does not appear that any prospective jurors read the article or had been in any manner biased or prejudiced by it, and no attempt appears of record to establish that such was the case."

Accordingly, we are of the opinion that the refusing of a continuance based on defense counsel's contempt citation was a matter within the discretion of the trial court and there is nothing in the record to show that there was an abuse of discretion.

It is defendant's second assignment that the trial court was in error in allowing into evidence testimony as to the statement made by the defendant when he was detained from leaving the scene of the crime by some store employees and customers. As defendant was leaving the store in question, one of the employees forced him to the ground and the defendant said "if they would let him up, he would give them back their money" (or "the" money). The trial court allowed this testimony into evidence and defendant, in claiming that it was error, cites Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966); and, Brown v. State, Okl.Cr., 384 P.2d 54.

It is apparent that Miranda v. Arizona, supra, is not applicable in the instant case, as Miranda was concerned with the admissibility of a confession made in an in-custody interrrogation without benefit of counsel.

In the instant case, there was no arrest or taking of the accused to the police station where a confession was made. Here, the defendant made his statement spontaneously and at the scene of the crime. There was no demand for an explanation or questioning made by the employees who detained the defendant. Rather, the statement was made voluntarily and without solicitation. As this Court stated in Born v. State, Okl.Cr., 397 P.2d 924:

"The state may show by testimony of other witnesses the conversation between a defendant and another party, and it may prove [the] statements made by both the defendant (which are in the nature of an admission against his interest) and by the other party or defendant, but it is for the jury to say from all the conversation whether or not the statement made by the defendant is admission against his interest."

The state submits that the statement of the defendant was part of the res gestae and cites this Court's opinion in Hathcox v. State, 94 Okl.Cr. 110, 230 P.2d 927:

"The term 'Res Gestae' means matters incidental to the main fact and explanatory to it, including acts and words which are so closely connected therewith as to constitute a part of the transaction, and without a knowledge of which the main fact might not be properly understood; the events themselves speaking through the instinctive words and acts of the participants, the circumstances, facts and declarations growing out of the main fact, contemporaneous with it and serving to illustrate its character."

Therefore, from a review of the record, we conclude that the trial court was not in error when it admitted into evidence testimony as to the statement made by the defendant when he was apprehended in leaving the scene of the crime.

It is defendant's third allegation that the trial court erred in failing to grant a continuance as the trial was to begin, requested by defense counsel, on the basis that he had only recently learned of a witness who would testify in behalf of the defendant, who he had not had the opportunity to subpoena. The defendant's motion for continuance on this basis was overruled by the trial court, and from a careful reading of the record, we are unable to say that there was such an abuse of discretion as to require a reversal.

The record does not show, nor have we been directed to, any activity on the part of the defendant which would constitute diligence on his part to secure the alleged witness. It is clear from the record

that the defendant was represented by the same counsel at the time of his arraignment in district court on March 30, 1966, as he had at his trial on September 21, 1966. In addition, there is nothing to show that any offering was made as to what the alleged witness would testify to. As this Court stated in Cook v. State, 95 Okl.Cr. 154, 241 P.2d 411:

"The motion [for continuance] did not fully comply with the law, in that it did not show any reasonable likelihood that the presence of the witness would be obtained at any future time."

Also, this Court held in Presley v. State, 76 Okl.Cr. 120, 134 P.2d 595:

"To be sufficient on its face the motion should have stated the whereabouts of the absent witnesses and the facts with reference to when they would return to the jurisdiction of the court, so that the court may determine from an examination of the motion whether or not it was reasonable to expect that the witnesses could be procured for attendance at the next term of court."

"In reviewing the refusal of a continuance on account of the absence of the witnesses, the record will be examined and the evidence adduced at the trial considered by this court to determine whether there are any facts which show that the defendant was materially prejudiced by reason of the failure of the court to grant a continuance."

We therefore conclude that defendant's third assignment of error is without merit in that the trial court did not abuse its discretion in refusing to grant a continuance.

Defendant's assignments of error— 4, 5, 6, and 7, are that the evidence was insufficient, the verdict was the result of passion and not fact, the verdict was contrary to the court's instructions and evidence, and that the sentence was excessive. However, defendant, on appeal, offers little or no argument, in behalf of these contentions and cites no authority in support thereof. It has consistently been this Court's rule, as announced in Collins v. State, Okl.Cr., 407 P.2d 609:

"It is necessary for counsel for plaintiff in error not only to assert error, but to support his contentions by both argument and citation of authority. Where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this court will not search the books for authority to support the mere assertion that the trial court has erred."

We have carefully examined the record herein, and find that the evidence is ample and sufficient to support the verdict rendered. Furthermore, we do not find that the verdict was contrary to the law or the evidence, nor do we find that the sentence imposed was excessive. As this Court stated in Lane v. State, Okl.Cr., 357 P.2d 445:

"Where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even if there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts."

Defendant's final assignment of error, (which was not included in his petition in error, nor raised in the trial court) is that the taking of the money in question from the defendant at the scene of the crime constituted an illegal search and seizure. We are unable to accept defendant's contention in view of the law in this state as stated in Yeager v. State, 43 Okl. Cr. 318, 278 P. 665:

"Where a person is legally arrested for an offense, whatever is found upon his person, or his control, which may be used to prove the offense, may be seized and held for evidence in the prosecution."

Furthermore, it is a familiar rule of this Court as was stated in Franklin v. State, 71 Okl.Cr. 115, 109 P.2d 239, that:

"Where the record does not show that counsel for appellant objected or excepted to the admission of the evidence complained of, his assignment of error thereon is not reviewable, because not properly preserved."

Thus, we find that there is no merit to defendant's final contention, as there was no objection to such in the trial court, or in the motion for a new trial, or in the petition in error.

Therefore, having carefully considered the assignments of error raised by the defendant on appeal, and finding no error meritorious of reversal or modification, we hereby affirm the judgment and sentence imposed in the District Court of Oklahoma County.

BRETT, P. J., and BUSSEY, J., concur.