Dwight Leon SAMPSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15745.

Court of Criminal Appeals of Oklahoma.

July 29, 1970.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BUSSEY, Judge.

Dwight Leon Sampson, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the crime of Grand Larceny After Former Conviction of a Felony, and from the judgment and sentence fixing his punishment at one year imprisonment in the state penitentiary, he appeals.

On the trial Michael L. Overand testified that on September 24, 1969, he was employed at Boaz Candy and Tobacco Company in Oklahoma City. As he was in the back room of the warehouse about 1:30 p. m. he saw the defendant proceeding toward the front carrying a half case of cigarettes. Overand followed and saw defendant hand the cigarettes to someone outside the front door. Overand pushed on the front door and it caught defendant's arm, but defendant pulled away, went about fifteen feet and turned around asking, "Why did you do that?" Overand asked where the cigarettes were and defendant took off running.

Vernon Lee Bobbitt testified that he worked at Rent-It Company just around the corner from the Boaz place and on September 24, 1969, about 1:30 p. m. he was driving a fork-lift machine out of the shop and saw a white car turn off Classen onto Second Street. He then saw a Negro run from the front of the Rent-It place with a cardboard box which he threw in the car. He then entered the car and it sped away. There were three persons in the car and it had an out-of-state license plate, the car being either a 1963 or 1964 Pontiac or Oldsmobile.

Officer Beatty of the Oklahoma City Police Department testified that on September 24, 1969, he and his partner Timmons were going south on Walnut in the 1100 block and saw a white 1965 Pontiac with New Jersey tags about which they had earlier received a call. There were four Negroes in the car, one of whom was defendant. As the car stopped, defendant ran and was halted at pistol point and arrested. Defendant gave the name Dwight Leon Thompson. No cigarettes were found in the car. Officer Timmons then testified substantially as did Officer Beatty.

The defendant testified that he had been to several warehouses that day looking for a chauffeur's job, having just gotten his chauffeur's license. He was afoot and when he went in the Boaz place the front part was empty. Defendant decided to leave and on the way out picked up an empty cardboard container for the purpose of getting a piece to put in his shoe where the shoe sole was worn through. On the way out the door an employee asked him if he had taken the cigarettes, to which defendant answered "No" and denied that anyone else had been with him. Defendant put the box outside the door and left. Defendant denied running and testified that he walked back down town and caught a bus to NE 23rd Street. He ate at the Soul Shack where he met three others whom he had known for a short while, two of them being from out of town. They gave him a lift to a pool hall, but they were arrested en route. Defendant gave the officers a false name at first because he was afraid he might be arrested for having some delinquent traffic tickets and ran from the police for the same reason. Defendant denied taking any cigarettes.

The previous conviction was admitted by defendant's testimony, and stipulated to by the parties.

On appeal the defendant contends that the evidence is insufficient to support the verdict of the jury and the punishment imposed is excessive.

■ As to the sufficiency of the evidence, we have repeatedly held, as we stated in Disheroon v. State, Okl.Cr., 357 P.2d 236, that:

"In the trial of a criminal case, questions of fact involving the guilt or innocence of the accused are always for the jury, and when, on appeal, the record discloses facts which would have been sufficient either to warrant a verdict of acquittal or to support a verdict of guilty, the finding of the jury will not be disturbed. In such cases only errors of law will be reviewed."

■ Finding this assignment of error without merit, we shall consider defendant's contention that the punishment imposed was excessive. In the case of Griffin v. State, Okl.Cr., 453 P.2d 278 (1969), we held that imprisonment of ten years was not an excessive punishment for Grand Larceny After Former Conviction of a Felony. We are therefore of the opinion that punishment of one year imprisonment for Grand Larceny After Former Conviction of a Felony is certainly not excessive.

■ Having carefully examined the record, and finding that the evidence amply supports the verdict of the jury, the record is free of any error which would justify modification or reversal, the punishment imposed is well within the range provided by law, the judgment and sentence appealed from should be, and the same is hereby, affirmed.