**Roderick Lee KITE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15898.**

Court of Criminal Appeals of Oklahoma.

Nov. 16, 1971.

Rehearing Denied Dec. 10, 1971.

An appeal from the District Court of Oklahoma County; A. P. Van Meter, Judge.

Roderick Lee Kite was convicted for the crime of Illegal Sale of Stimulant. His punishment was fixed at five (5) years in the state penitentiary, and he appeals. Affirmed.

Ed McConnel, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Gary M. Bush, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Roderick Lee Kite, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma for the offense of Illegal Sale of Stimulant. His punishment was fixed at five (5) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Officer Buddy Burns testified that on September 17, 1969, he was working as a surveillance officer in connection with Officer John Kane, who was working undercover. He followed Officer Kane and a co-defendant, O'Brian, to the Threads, Inc. in Oklahoma City. He observed the defendant come out of Threads, Inc. and get into the vehicle with Kane while the co-defendant stood outside the automobile. He observed some type of transaction between the three persons. Shortly thereafter, he met Officer Kane at a prearranged designation, where-in Kane delivered a brown Geritol bottle containing some thirty-two purple double-dome tablets to Burns. Burns marked the bottle for identification and subsequently took it and its contents to the Oklahoma State Bureau of Investigation Laboratory.

Officer Kane testified that he was a police officer with the Oklahoma City Police Department, and on the day in question had been working as an undercover agent for several months. He went with the co-defendant O'Brian, in O'Brian's automobile, to Threads, Inc. to buy LSD. O'Brian went into Threads, Inc., and returned shortly with the defendant. The defendant got in O'Brian's automobile with O'Brian standing by the door. Kane and the defendant had a conversation concerning the buying of LSD and discussed quantity and prices. They finally arrived at a price of $2.50 per tablet. Kane advised the defendant that he wished to purchase One Hundred Dollars worth of tablets, wherein the defendant advised him that he did not have that many tablets at that time. Defendant advised the officer that O'Brian had his LSD (defendant's LSD) and directed O'Brian to give the LSD to Kane. Kane received a bottle containing the tablets and gave the defendant $50.00. Arrangements were made to meet on a later occasion to complete the purchase of the additional tablets. O'Brian took Kane to a location where he had left his car parked, wherein Kane then proceeded to a rearranged designation and turned the tablets over to Officer Burns.

Bryan Tipton testified that he was a Chief Chemist for the Oklahoma State Bureau of Investigation. On September 17, 1969, Officer Burns delivered a Geritol bottle containing thirty-two tablets to him. Subsequently, he analyzed one of the tablets contained in the bottle, and was of the opinion that it contained Lysergic Acid Diethylamid or LSD.

The defendant called two character witnesses who testified that the defendant's reputation as a law abiding citizen was good.

The first proposition asserts that "the trial court erred in overruling defendant-in-error's demurrer, the motion to dismiss, and the motion for directed verdict for the reason that the evidence of the State revealed that the plaintiff-in-error was a victim of entrapment." We need only to observe that there was no evidence introduced on behalf of the defendant to support his theory of entrapment. Although the instructions are not included in the Record before this Court, it is apparent by the defendant's closing argument that the trial court did, in fact, instruct the jury as to entrapment. In Riddle v. State, Okl.Cr., 373 P.2d 832, we stated:

"Whether a defendant has been entrapped is to be determined by the jury, unless it can be decided as a question of law upon undisputed facts sufficient to to establish entrapment."

In the instant case, there is a total lack of evidence sufficient to establish entrapment. We, therefore, find this proposition to be without merit.

 The final proposition contends that the trial court erred in refusing to grant defendant's motion for mistrial, because of improper remarks made by the prosecuting attorney in his closing argument. We need only to observe that the defendant did not object to the allegedly prejudicial remarks of the prosecuting attorney until after the jury had retired to deliberate. We have repeatedly held that counsel for defendant must not only object to alleged improper statements of the District Attorney and his argument to the jury, but he must go further and move the court to exclude such remarks from the jury and instruct them not to consider them for any purpose; when this is not done, such remarks do not constitute reversible error, unless remarks were of such character that the error would not be cured by withdrawal of the remarks. Gaddis v. State, Okl.Cr., 447 P.2d 42.

In conclusion, we observe that the Record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.