Lorenzo B. BLANCO, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17900.

Court of Criminal Appeals of Oklahoma.
April 18, 1973.

Donald E. Van Meter, Lawton, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Linda Frye, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Lorenzo B. Blanco, Jr., hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Comanche County, Case No. CRF–72–125, for the crime of Distribution of a Certain Controlled, Dangerous Substance, to-wit: Marijuana. He was sentenced to serve a term of two (2) years in the state penitentiary and pay a fine of five hundred dollars ($500), in accordance with the verdict of the jury and a timely appeal has been perfected to this Court.

At the trial, Glenn Douglas Skaggs, Provost Marshall Investigator for the United States Army, testified that on January 31, 1972, he and Criminal Investigator Tebbe went to a place called "J" and spoke to an individual known as "Cal", whom he identified as one Rogers W. Sonnier. Skaggs further testified that he consulted with Sonnier about the purchase of a "lid" of marijuana, and that the defendant, while standing behind the cash register, ordered Sonnier to go get a "lid". According to Skaggs, Sonnier left "J" and returned with a baggy of substance. Skaggs handed ten dollars ($10) to Sonnier, but Sonnier indicated that payment was to be made to defendant. Skaggs then paid defendant but stated that he was not sure what the defendant did with the money. Skaggs stated that he and Tebbe then left the "J" and went to Lawton High School, where they met Sergeant Rutledge of the Lawton Police Department. Skaggs marked the bag of substance with his initials, the time, and date, then turned it over to Rutledge. Skaggs identified State's Exhibit Number 1 as being the same bag of substance which he turned over to Rutledge. On cross-examination, Skaggs stated that the lighting was dim in the "J" and that he had not seen the defendant before the night in question.

William Tebbe testified that on January 31, 1972, he was a Criminal Investigator with the United States Army at Fort Sill, Oklahoma, and further testified in substance to the same events as did Skaggs.

Sergeant Ronald Gary Rutledge, a Lawton Police Officer, stated that on January 31, 1972, he met with Skaggs and Tebbe at the Lawton High School as testified to by Tebbe and Skaggs. Rutledge stated that a plastic baggy of green vegetable substance was shown to him by Skaggs at the high school and that Skaggs related the details of what events had taken place at "J". After Skaggs turned over the baggy to Rutledge, Rutledge stated that he placed the evidence in an envelope and sealed it, left it in his safe for a few hours, then took it

from the safe and mailed it in the United States mail to the Oklahoma State Bureau of Investigation. Rutledge further identified the plastic baggy placed in the envelope as being the one he had received from Skaggs.

Prior to Rutledge's testimony, John McAuliff, Chief Chemist for the Oklahoma State Bureau of Investigation, testified that he received an evidence envelope from Sergeant Rutledge containing the substance in question. McAuliff related that he tested the substance and found it to be marijuana. McAuliff identified State's Exhibit Number 1 as being the same sample that he received through the mail from Rutledge.

The defendant testified that on the night in question, at about 9:00 p. m., he went to Sonnier's house for the purpose of moving furniture. A friend of the defendant, who did not testify in behalf of defendant, assisted defendant in the moving. According to defendant, he worked at moving until after mid-night and thereafter went to a bar and then returned home. Defendant stated that at no time on the night in question was he at "J". Defendant had become acquainted with Sonnier while in the Army.

Rogers Sonnier testified that on the night of January 31, 1972, between 9:00 p. m. and 10:00 p. m. defendant picked Sonnier up so that defendant could move furniture into Sonnier's new house. According to Sonnier, he was returned to work by the defendant shortly after opening the premises and remained at work until after midnight. Sonnier stated that he did not hand marijuana to Skaggs or to Tebbe.

Bruce A. Hinkley, Seventh Day Adventist Minister in Lawton, testified for defendant. According to Hinkley, defendant had attended church services, and from Hinkley's knowledge, defendant was a very fine fellow. He further testified that defendant was not one who would be involved in selling drugs, but if he was, it would probably have been to help a friend.

■ The defendant first contends that: Title "63 O.S.1971, § 2–401 B(2) prohibiting the suspension or deferral of a sentence, in a conviction for distribution of marijuana is unconstitutional as an invasion of the separate judicial power granted the Courts by the Oklahoma Constitution, Art 7 § 1 and further where a jury recommends suspension, judicial discretion should give such great weight absent a showing of reason." In the recent case of Baray v. State, Okl.Cr., 507 P.2d 62 (1973), we cited with approval the case of Black v. State, Okl.Cr., 509 P.2d 941 (1973), wherein we stated:

"In conclusion, we observe that the provision of 63 O.S.1971, § 2–401, which prohibits the suspension of a sentence upon conviction of the sale of the enumerated items is constitutional. We further observe that such prohibition does not represent an encroachment upon the Judicial Branch by the Legislature, nor does the same violate the Fifth, Eighth, or Fourteenth Amendments to the Constitution. . . ."

Because the statute under which defendant was convicted does not provide for suspended sentence, and such statute being constitutional, we find this proposition to be without merit.

Defendant's second proposition urges that the defendant's right to a fair trail was abused for three reasons. The first reason being that the prosecuting attorney made improper remarks in voir dire examination when he asked prospective jurors if they could distinguish between proving a case beyond reasonable doubt and proving a case beyond any doubt. The second reason being the improper cross-examination of a character witness, and the third reason being improper remarks by the prosecution in classifying marijuana as a "drug" in his final argument. We shall discuss these contentions in the above order.

■ In Henderson v. State, Okl.Cr., 385 P.2d 930 (1963) this Court stated:

". . . [T]he form of questions put to prospective jurors on voir dire exami-

nation is a matter within the discretion of the trial court, and will not be interfered with where no prejudice is shown. 22 O.S.A. § 659; Payne v. State, Okl. Cr., 276 P.2d 784; 50 C.J.S. Juries § 276 d, note 34, p. 1058."

The question asked by the prosecuting attorney inquiring as to whether the jurors could distinguish between proof beyond a reasonable doubt and proof beyond any doubt was not a definition of reasonable doubt nor was it an instruction on reasonable doubt, and as such was not prejudicial to the defendant. Hence, the trial court did not abuse its discretion by permitting such question.

 It is the general rule of this Court that where a defendant does not object or except to the admission of evidence complained of, his assignment of error is not reviewable because it is not properly preserved. Griffin v. State, Okl.Cr., 453 P.2d 278 (1969) and Giddens v. State, Okl.Cr., 452 P.2d 159 (1969). In the instant case, the asserted error of improper cross-examination of a character witness was not objected to by defendant, and as such was not properly preserved for review. Even if such purported error had been properly preserved, the questions asked were proper, and within the bounds established by this Court in Miller v. State, Okl.Cr., 418 P.2d 220 (1966) wherein we stated:

" . . . [A] witness testifying to the good reputation or character of a defendant in a criminal prosecution may be interrogated on cross-examination with respect to rumors or reports of particular acts imputed to the defendant, and as to what the witness has heard of specific charges of misconduct made against the defendant."

 As for the contention of improper closing argument by the prosecuting attorney, we need only note the case of Kite v. State, Okl.Cr., 490 P.2d 1402 (1971) in which this Court said:

"We have repeatedly held that counsel for defendant must not only object to al-leged improper statements of the District Attorney and his argument to the jury, but he must go further and move the court to exclude such remarks from the jury and instruct them not to consider them for any purpose; when this is not done, such remarks do not constitute reversible error, unless remarks were of such character that the error would not be cured by withdrawal of the remarks. Gaddis v. State, Okl.Cr., 447 P.2d 42."

Although defendant objected to the statement made in the closing argument, he did not fully comply with the *Kite* case. The record does not disclose that the remarks were fundamentally prejudicial.

On the basis of the foregoing authorities, we are of the opinion that the second proposition is without merit.

 The defendant's final proposition contends that the court erred in overruling defendant's objection to the admission of the marijuana into evidence. Defendant does not dispute that the substance introduced and marked State's Exhibit Number 1 was other than marijuana, but defendant argues that the substance identified by the chemist as marijuana was not properly shown to be the same sample of substance as was purchased by the undercover agents. We do not agree with defendant's contention. In paragraph number 4 of the Syllabus given by this Court in Richmond v. State, Okl.Cr., 456 P.2d 897 (1969), we stated:

"In order to establish the relevance and materiality of real evidence, it must in some manner be connected with the perpetrator or victim of the crime or with the crime itself. It follows that in order to justify the admission of this evidence, its identity must be shown to be that of the article or substance which it purports to be and that the character of such article or substance must be as purported."

The defendant admits that the substance was marijuana. The record indicates that a proper chain of evidence was established. The marijuana was given to Skaggs,

thence to Sergeant Rutledge, through the U. S. mail to the State Crime Laboratory, and finally, to the chemist. See the recent case of Trantham v. State, Okl.Cr., 508 P. 2d 1104 (1973).

For all of the above and foregoing reasons, we are of the opinion that the judgment and sentence appealed from should be and the same is hereby affirmed.

BUSSEY, J., concurs.

BRETT, J., concurring in part, dissenting in part.

BRETT, Judge (concurring in part, dissenting in part):

I concur that the record contains sufficient evidence to sustain the conviction, but I disagree with this Court's position concerning the authority of the trial court to suspend defendant's sentence. For the reasons stated in dissent to Black v. State, supra.