J. B. SMITH, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–76–687.

Court of Criminal Appeals of Oklahoma.

April 5, 1977.

Red Ivy, Chickasha, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Donnie G. Pope, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

The Appellant J. B. Smith, Jr., hereinafter referred to as defendant, was charged, tried before a jury and convicted of the offense of Driving and Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, First Offense, in the District Court of Grady County, Case No. CRM–76–115. Punishment was assessed at a fine of $500.00 plus costs and imprisonment in the county jail for thirty (30) days.

From a judgment and sentence in accordance with the verdict the defendant has perfected his timely appeal.

Briefly stated the evidence adduced at trial is as follows: Officer Rocky Cantwell of the Chickasha Police Department testified that on the evening of March 9, 1976, he stopped the defendant after observing the defendant drive his vehicle left of center and weaving back and forth. Once the defendant got out of the car the officer observed that he staggered, had difficulty in standing and speaking and had a strong odor of alcoholic beverage about him. The defendant was asked to perform certain field sobriety tests which he failed and he was then transported to the county jail where he took a breathalyzer test. The witness stated that the defendant was "very intoxicated".

Officer Steve Ray then testified that he performed the breathalyzer test upon the defendant and that the results showed a blood alcohol content of .22 percent. Gene Jones of the Oklahoma Highway Patrol then testified that he had checked the breathalyzer machine on February 13, 1976, and it was found to be in proper working order. He further testified that he maintained the machine and that to his knowledge the machine had only been out of order once during the preceding two years. Deputy Sheriff Claud Haywood then testified that he had been the jailer on the night in question and that the defendant was "pretty drunk" when he was booked into jail. The state then rested.

The defendant testified that on the night and morning prior to his arrest he had consumed a fifth of whiskey and had then ·gone home and slept, for 8 or 9 hours. When stopped by the police he was going to a cafe to drink coffee and was not intoxicated. He further stated that he failed the sobriety test because he had an injury to his left arm which would not permit him to lift it above shoulder height. He denied that he was staggering or had difficulty speaking or standing when arrested. He further stated that he was swerving left of center to avoid parked cars along the narrow roads. The defense then rested.

■ The defendant's first assignment of error urges that the prosecutor committed reversible error during voir dire examination when he attempted to define reasonable doubt.

In *Blanco v. State*, Okl.Cr., 509 P.2d 491, this Court, citing *Henderson v. State*, Okl. Cr., 385 P.2d 930, held that the form of questions put to prospective jurors on voir dire examination is a matter within the discretion of the trial court and will not be interfered with where no prejudice is shown. We·then went on to hold:

"The question asked by the prosecuting attorney inquiring as to whether the jurors could distinguish between proof beyond a reasonable doubt and proof beyond any doubt was not a definition of reasonable doubt nor was it an instruction on reasonable doubt, and as such was not prejudicial to the defendant. Hence, the trial court did not abuse its discretion in permitting such question."

In the instant case the prosecutor's remark was as follows:

"We do have the burden of proof because we are the State of Oklahoma and that is right and proper in a criminal case. Our burden is to prove this defendant guilty beyond a reasonable doubt. Is there any person here who could not distinguish between what is a reasonable doubt and what is an unreasonable doubt?"

The remark is very similar to that referred to in *Blanco*, supra. It does not amount to a definition of reasonable doubt nor was it an instruction on same. Therefore, there was no prejudice to the defendant and the defendant's first assignment is meritless.

The defendant's second assignment of error contends that the trial court erred in admitting certain testimony and allowing certain statements which when considered together deprived the defendant that measure of a fair trial to which the law entitled him. *Williams v. State*, 92 Okl.Cr. 70, 220 P.2d 836.

The defendant first complains that error was committed when the prosecutor during voir dire examination of the jury consistently asked the prospective jurors whether or not they felt that a law prohibiting the driving of a vehicle while intoxicated was a necessary law. The defendant cites no authority for the proposition that such a question concerning a belief in the necessity for the law under which an accused is charged was error and further fails to show that such comment in any way tended to prejudice the defendant. In numerous cases this Court has held that it is necessary for defense counsel not only to assert error, but to support his contentions by both arguments and citations of authority. Where this is not done and it is apparent that defendant has been deprived of no fundamental rights this Court will not search the books for authority to support the mere assertion that the trial court erred. *Fryar v. State*, Okl.Cr., 385 P.2d 818. From an examination of the record we do not find the questions to be fundamentally prejudicial to the defendant, especially in light of the overwhelming evidence of guilt.

The defense next complains that the prosecutor erred when he directed a question to the entire jury panel instead of to the prospective jurors seated in the jury box. The record reflects that an objection was made by defense counsel and the objection was sustained. We find no prejudicial error.

The final complaint is that defense counsel was not allowed to recross-examine Officer Jones or to make him a defense witness at that time. However, the record reveals that the trial court ruled that recross-examination of Officer Jones was outside the scope of redirect examination and advised defense counsel that if he wanted to question the witness concerning a new subject he could call him as a defense witness. Defense counsel cites no authority to support his contention and again we find no prejudicial error since the trial court was quite correct in its ruling. It is our opinion that there was no accumulation of error which deprived the defendant of a fair trial and the defendant's second assignment is also meritless.

The defendant's final assignment of error urges that the prosecuting attorney committed reversible error by making improper comments during his closing argument. The record reflects that when the prosecutor made the first remark an objection was promptly made and the trial court admonished the jury to disregard the comment. Based upon the overwhelming evidence of guilt and the trial court's admonishment of the jury it is our opinion that the error, if any, was harmless and no prejudice occurred.

The last comment complained of is as follows:

". . . This defendant is not a first time offender. He has two prior DWI convictions. I think the State of Oklahoma has carried their burden and we have proved this defendant guilty beyond a reasonable doubt. I ask you to do your duty and bring in a guilty verdict. Thank you."

It is obvious that the above remark was a comment by the prosecutor upon the quantum of proof which the state had presented and his belief that the jury had no other alternative than to return a verdict of guilty.

In *White v. State*, Okl.Cr., 498 P.2d 421, we held that the prosecutor may state his opinion as to the defendant's guilt when he also states that his opinion is based on the evidence in the case and the evidence detailed reasonably tends to support such conclusion. In the instant case there was ample evidence of guilt, the prosecutor was in the process of commenting upon the evidence and the remark was proper.

From an examination of the record as a whole it is our opinion that the defendant received a fair and impartial trial before a jury, that no fundamental right of the defendant was prejudiced and that the judgment and sentence appealed from should be, and the same is hereby *AFFIRMED.*

BUSSEY, P. J., and BRETT, J., concur.