**Roy Wayne CAPPS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–83–123.**

Court of Criminal Appeals of Oklahoma.

Jan. 5, 1984.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

**556**

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Christy J. Caesar, Legal Intern, Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge.

The appellant, Roy Wayne Capps, hereinafter referred to as the defendant, was charged and convicted of Rape in the First Degree, in Muskogee County District Court, Case No. CRF-81-277, was sentenced to five (5) years' imprisonment and he appeals.

On June 18, 1982, Ms. K.H. was waiting for her minister in Honor Park in Muskogee, so the two could discuss her wedding which was to be held in the park in two days. She was approached by a man whom she had never met before who struck up a conversation which eventually focused on her wedding. After she had conversed for fifteen minutes with her minister, the man, whom she positively identified as the defendant, approached K.H.'s car and asked her where her wedding would take place, to which she replied "Lookout Point." She tried to describe the location but realized directions would be meaningless because he had earlier told her that it was his first time in the park. Since it was on the way out of the park, she told him if he would follow her she would show him Lookout Point.

She testified that he followed her in his car and as she was getting out of her car, he put his tie around her neck, dragged her down a path and raped her.

Defendant admitted that his first statement to police, totally denying that he was even in Muskogee that day, was untrue. He testified that he did meet the prosecutrix; that she consented to his request to kiss the "bride-to-be" and that *she* initiated having sex.

Defendant's first assignment of error urges that the prosecutrix' testimony was so improbable that it was insufficient to sustain his conviction without evidence corroborating her testimony. Where the testimony of the prosecutrix is contradictory, uncertain, improbable or impeached, it should be corroborated to warrant a conviction of rape. *Holding v. State,* 568 P.2d 332 (Okl.Cr.1977).

To authorize a reversal of a conviction for rape on the grounds that the evidence is too inherently improbable to support a conviction, the improbability of the prosecutrix' testimony must arise from something other than just the question of her believability. The testimony must be of such contradictory and unsatisfactory nature, or the witness must be so thoroughly impeached, that the reviewing court must say that such testimony is clearly unworthy of belief and insufficient as a matter of law to sustain a conviction. *Gamble v. State,* 576 P.2d 1184 (Okl.Cr. 1978).

After carefully examining the testimony of the prosecutrix, we conclude that corroboration was not required. Defendant argues as "improbable" her testimony that she took the time to lead a perfect stranger to Lookout Point despite being pressed for time. However, she testified that she showed him Lookout Point because it was on her way out of the park. Further, it was not unlikely that she would show the defendant where she was getting married, since she was excited about it and proud to show people where the ceremony was to take place. Defendant also alleges that despite testimony of a struggle there were no marks on her body. However, from the evidence it did not necessarily follow that abrasions should be on her body. She testified that she dragged her feet on the ground as she was grabbed from behind and that she was wearing shoes. Defendant has failed to convince this Court that her testimony is clearly unworthy of belief and, having concluded that the prosecutrix' testimony was not inherently improbable or unreasonable, the issue was properly given to the jury for its determination of credibility. *Martinez v. State,* 569 P.2d 497 (Okl.Cr. 1977). This assignment of error is without merit.

Next, the defendant asserts that the court erred by failing to instruct the jury

on the necessity of corroborating evidence. This assignment of error is without merit as we have previously concluded that the prosecutrix' testimony was worthy of belief and not contradictory or impeached. See, *Costilla v. State,* 609 P.2d 788 (Okl.Cr.1980).

Mr. Capps then attacks the court's failure to instruct the jury on circumstantial evidence and its proper use at trial. Defendant claims the evidence was entirely circumstantial. Initially we note that he did not specifically raise this alleged error in his motion for new trial, so it was not properly preserved for review on appeal. *Nutter v. State,* 658 P.2d 492 (Okl.Cr.1983). An instruction on circumstantial evidence is required only when the State's evidence is entirely circumstantial. *Davis v. State,* 634 P.2d 752 (Okl.Cr.1981). See also, *Grimmett v. State,* 572 P.2d 272 (Okl.Cr.1977). In the present case, direct evidence existed in the form of both the prosecutrix' and defendant's accounts of the incident. Therefore, an instruction on circumstantial evidence was not warranted. This assignment of error is without merit.

In his final assignment of error, the defendant complains that several remarks of the prosecutor in his closing argument were prejudicial. He cites several examples of the prosecutor appealing for sympathy for the victim, including the following:

The shame, the degradation, the humiliation—what did she say? You saw her crying on the stand, 'I knew the neighbors were watching and I wanted them to know it wasn't my fault.' When the officer got there she was talking to her daddy back in the bedroom on the telephone, 'Daddy, I've been raped,' and she was crying.

It is well established that both sides have the right to discuss the evidence and draw reasonable inferences and that the prosecutor cannot make comments expressly designed to appeal to the jury's emotions. *Cowles v. State,* 636 P.2d 342 (Okl.Cr.1981). The above was merely a fair comment upon the evidence. Similarly, the following was a comment on the evidence

of her being dragged with a tie gripped around her neck:

I want you to think of the humiliation of somebody having you around the neck.... How defenseless you must feel if somebody's got you like that.... I'm just asking you to think about the humiliation of being like a dog on a leash and being drug around by that man.... It's got to be a very humiliating feeling. Not to mention a very helpless feeling.

We do not condone all of the prosecutor's remarks, but find them to be not so grossly improper as to warrant reversal as we have held that closing arguments have a wide range of discussion and argumentation. *Blevins v. State,* 603 P.2d 1168 (Okl.Cr.1979). The remarks also did not appear to have swayed the jury as it recommended the minimum sentence for rape. Further, the defendant failed to make a timely objection to any of the above comments, thereby waiving any error. *Luker v. State,* 552 P.2d 715 (Okl.Cr.1976).

The defendant did object to the following comments as "societal alarms":

One of the things you can do as far as punishment is concerned is protection of Muskogee; is protection of Honor Heights. That's part of punishment. One reason we have sanctions against crime is protection of society. From people that are so proud that they think that every woman wants them perhaps.

The prosecutor argued further: "I'm saying that if you want a law-abiding community in Muskogee, Oklahoma, and a place where Honor Heights Park in broad daylight." [sic] Although we do not condone language playing on societal alarm, we cannot say that the comments prejudiced the defendant in light of the minimum sentence he received. Further, similar arguments have been held not so grossly improper as to have affected his rights. See, *Welliver v. State,* 620 P.2d 438 (Okl.Cr. 1980), and cases cited therein.

As to his final allegation of improper prosecutorial comment, Mr. Capps cites several instances where he was referred to

as lying. Again, we do not condone such comments but find some of the remarks a fair inference from the evidence, noting that the defendant admitted his first statement to police was false. Other comments were not so inflammatory as to have affected defendant's rights. See, *Brooks v. State,* 566 P.2d 147 (Okl.Cr.1977), cert. denied 456 U.S. 999, 102 S.Ct. 2284, 73 L.Ed.2d 1294 (1982). Defendant's final assignment of error is without merit.

Accordingly, the judgment and sentence appealed from is AFFIRMED.

CORNISH and BRETT, JJ., concur.