Timothy Carl YOUNG, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–83–71.

Court of Criminal Appeals of Oklahoma.

Feb. 7, 1985.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Thomas L. Spencer, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge:

The appellant, Timothy Carl Young, was convicted of Shooting with Intent to Kill, After Former Conviction of Two or More Felonies, in Tulsa County District Court, Case No. CRF–82–0959, was sentenced to twenty (20) years' imprisonment and as his sole assignment of error, complains of numerous instances of alleged prosecutorial misconduct in closing argument.

Defendant argues that the prosecutor gave his personal opinion concerning the defendant's guilt by stating:

> When this trial started out Mr. O'Meilia, in his opening statement, told you there were certain things that we would prove from the witnesses on the witness stand. He also told you that we have a burden and that burden is beyond a reasonable doubt. Well, I feel that we have met that burden. (Tr. 62)

As a general proposition, the prosecutor is allowed to draw logical inferences and state his conclusions based upon the evidence, but it is improper for him to state his personal opinion. *Davis v. State,* 665 P.2d 1186 (Okl.Cr.1983). See also, *Mahorney v. State,* 664 P.2d 1042 (Okl.Cr. 1983). We are of the opinion that this remark was a comment upon the quantum of the evidence presented from the State's witnesses rather than a bald assertion that in his opinion the defendant was guilty. See, *Smith v. State,* 562 P.2d 909 (Okl.Cr. 1977).

Next, the following is submitted as another improper expression of a personal opinion:

**870**

[T]here have been a lot of things said today that most of you probably have had no contact with in your everyday life. It may be shocking to you and I hope it is shocking to you. It shocks me. (Tr. 68)

While such a comment is irrelevant, it fails to rise to the egregious level of improper prosecutorial comments in *Scott v. State*, 649 P.2d 560 (Okl.Cr.1982), relied upon in defendant's brief.

■ The defendant contends that the third allegedly improper comment amounted to calling the defendant a liar:

Again, ladies and gentlemen, I submit to you that someone from that witness stand was not telling you the truth, and that's as clear-cut as I can make it. It wasn't a difference of opinion, it wasn't a lapse of memory, I submit to you that he didn't tell you the truth. (Tr. 79).

We are of the opinion that this comment was a reasonable inference on the evidence as it was clear that either State's witness Donald Hendricks or the defendant was not telling the truth when each testified that the other possessed the gun that the defendant eventually fired, wounding Hendricks. *Ellis v. State*, 652 P.2d 770 (Okl. Cr.1982); *Capps v. State*, 674 P.2d 554 (Okl.Cr.1984).

■ Finally, defendant asserts that the following remark is an improper appeal to 'societal alarm'; 'Crimes of violence do not make sense, crimes of violence occur. They happen, they happen to people, to citizens, innocent citizens like yourselves.' (Tr. 79). It is significant that this remark followed and was in response to closing argument of defense counsel. It obviously did not prejudice the jury since the evidence amply supported the verdict and the statutory minimum punishment was imposed, notwithstanding the defendant's six prior convictions. The prosecutor's plea for a sentence of 501 years went unheeded.

Accordingly, the judgment and sentence is AFFIRMED.

PARKS and BRETT, JJ., concur.