Adrian Lee PEBEAHSY, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–128.

Court of Criminal·Appeals of Oklahoma.

Sept. 11, 1987.

D. Lynne Hunt, Sp. Appellant Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Adrian Lee Pebeahsy, appellant, was tried by jury and convicted of First Degree Burglary [21 O.S. 1981, § 1431], First Degree Rape [21 O.S. 1981, § 1114], and Forcible Sodomy [21 O.S. 1981, § 888] in Case No. CRF–84–170, in the District Court of Comanche County, the Honorable J. Winston Raburn, District Judge, presiding. The jury set punishment at imprisonment for fifteen (15) years for First Degree Burglary, forty (40) years for First Degree Rape, and twenty (20) years for Forcible Sodomy. Judgment and sentence was imposed in accordance with the jury's verdict. We affirm the judgments and sentences for First Degree Burglary and Forcible Sodomy and reverse the judgment and sentence for First Degree Rape.

During the early morning hours of March 3, 1984, Mrs. I.B., an elderly widow, was reading when she heard a loud noise

inside her house and tried to call the police. An intruder knocked the telephone from her hand, struck her in the face, tried to gouge out her eyes with his thumbs, and pulled her to a bedroom in the rear of the house. The attacker threw Mrs. I.B. on the bed, beat her with his fists, and tried to rape her but was unable to penetrate her vagina because he could not get an erection. The attacker then threw Mrs. I.B. on the floor and again unsuccessfully tried to rape her. After pulling Mrs. I.B. back onto the bed, the attacker successfully penetrated her anus with his penis. The attacker next took some of Mrs. I.B.'s personal property and fled. Mrs. I.B. called the police, who took her to the emergency room for treatment. The emergency room physician treated Mrs. I.B.'s injuries and prepared a rape kit.

The police investigators found a piece of bloody skin on the floor beside the bed. The O.S.B.I. expert identified this piece of skin as part of a fingerprint and, after making an inked impression of the print fragment, positively identified the fingerprint as the appellant's by comparing the print with the appellant's fingerprint identification card already on file with the O.S.B.I. The appellant was then arrested.

At trial, the judge admitted State's Exhibit Numbers 20A, 20B, and 20C. Exhibit 20A was the inked impression taken from the fingerprint fragment found at the scene of the crime; 20B was the appellant's fingerprint card on file with the O.S.B.I.; and 20C was a photographic blow-up comparing the fingerprint fragment with the appellant's right thumbprint. The trial judge later excluded State's Exhibits 20B and 20C because the State failed to lay the proper foundation for admission of the appellant's fingerprint card. During recess, the State took the appellant's fingerprints again. When the trial resumed the next day, the new Exhibit 20B was introduced into evidence. The appellant introduced Defense Exhibit 1 into evidence, which was a copy of the appellant's fingerprint card taken at a later date than State's original 20B. At the time that Defense Exhibit No. 1 was admitted into evidence, the trial judge also readmitted 20C, the blow-up

comparison of the fingerprint fragment and the appellant's right thumbprint. The trial judge subsequently again excluded State's Exhibit 20B without giving a reason for the exclusion. The jury took State's Exhibits 20A, 20C and Defendant's Exhibit 1 into the jury room to aid in their deliberations.

For his first assignment of error, the appellant asserts that his right to a fair trial was violated because the judge allowed the State to introduce substantial testimony regarding inadmissible evidence. The State's fingerprint expert testified how he obtained an inked impression from the fingerprint fragment found at the scene of the crime, how he compared that impression with the appellant's right thumb print already on file, and how he made a positive identification of the fragment by finding ten points which matched the appellant's thumb print. The O.S.B.I. expert testified that Exhibit 20A matched the appellant's right thumbprint to the exclusion of all other individuals. The appellant claims that allowing the expert to testify concerning the fingerprint card when the card was later excluded from evidence was error. The appellant further claims that since Exhibit 20C, the comparison photograph, contained the thumbprint derived from excluded Exhibit 20B, the jurors were permitted to take inadmissible evidence into the jury room.

■ We begin by observing that the admission of relevant evidence is within the sound discretion of the trial judge and will not be disturbed absent a clear abuse of discretion. *Daugherty v. State*, 640 P.2d 558, 562 (Okl.Cr.1982). *See also* 12 O.S. 1981, §§ 2401, 2402. State's Exhibit 20C was independently readmitted into evidence when Defense Exhibit number 1, a copy of the appellant's fingerprint card, was admitted into evidence. The exclusion of State's Exhibit 20B was not on the grounds of relevancy or prejudicial effect, but because the State failed to lay the proper foundation for admission. Exhibit 20C does not suffer from this infirmity, because a proper foundation was laid for its admission. We find no abuse of discretion in admitting

State's Exhibit 20C into evidence and in permitting the jury to take the comparison photograph into the jury room.

 Nor do we find error in admitting the fingerprint expert's testimony, even though State's Exhibit 20B was later excluded from evidence. The fingerprint expert testified, both at the preliminary hearing and at trial, concerning how he determined the skin fragment matched the appellant's right thumbprint and was vigorously cross-examined. The conclusions of a fingerprint expert are acceptable evidence, and the weight to be given to the expert's testimony is exclusively within the province of the jury. *Casady v. State*, 721 P.2d 1342, 1345–46 (Okl.Cr.1986). We find no abuse of discretion in admitting the testimony of the fingerprint expert. This assignment of error is without merit.

 For his second assignment of error, the appellant asserts that the State failed to prove beyond a reasonable doubt the essential element of penetration to support a conviction for first degree rape. We agree. Mrs. I.B. was unable to testify at trial because of a faulty heart valve and a ventricular aneurysm, neither of which were related to the attack of March 3. Mrs. I.B.'s testimony was taken under oath by deposition from her hospital room, at which time defense counsel cross-examined her. Both sides stipulated to the deposition testimony and the transcript was read to the jury.

The Due Process Clause requires the State to prove beyond a reasonable doubt every fact necessary to constitute the crime with which the accused is charged. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970). The element of penetration, however slight, is necessary to prove the crime of rape. *Huddleston v. State*, 695 P.2d 8, 11 (Okl. Cr.1985). *See also* 21 O.S. 1981, § 1113.

Here, the victim testified six separate times in her deposition that there was no vaginal penetration. [Deposition at 11, 14–15, 16, 23, 25 and 28]. For example, at page 28 the following colloquy occurred:

Q. How many times did he attempt to make penetration on you in your rectum? Do you remember whether that happened more than once?

A. Just he tried the vagina and couldn't penetrate.

Q. Did he—the reason he couldn't penetrate is because he didn't have his pants zipped down or was it because he couldn't get an erection?

A. He just couldn't get an erection.

Q. Did he ever get an erection that night?

A. Rectally.

The State asserts that penetration was corroborated by the attending physician, relying on *Capps v. State*, 674 P.2d 554 (Okl. Cr.1984), and *Klinekole v. State*, 572 P.2d 994 (Okl.Cr.1977). In *Capps* we found that corroboration of the victim's testimony is required when the testimony of the prosecutrix is "contradictory, uncertain, improbable or impeached." *Capps, supra* at 556. First, in both *Capps* and *Klinekole* the prosecutrix testified there was penetration. Here, the victim testified there was no penetration. Second, even if by a leap of faith we could find the victim's testimony uncertain, the evidence presented at trial failed to corroborate the element of penetration. The evidence collected when the emergency room doctor used the rape kit revealed the presence of sperm in the victim's rectum but not in her vagina. The evidence that the victim's labia minora, the flap of skin which surrounds the vaginal opening, was torn is as consistent with the abrasive action of the attacker's partially opened zipper as it is with penetration. Lastly, the attending physician could not positively testify there was physical evidence of penetration, only that the injury to the labia minora was caused by force applied "in a penetrating manner." Viewing all the evidence in the light most favorable to the State, as required by *Spuehler v. State*, 709 P.2d 202, 203–03 (Okl.Cr.1985), we find the State has failed to prove beyond a reasonable doubt the essential element of penetration. We have no alternative, therefore, but to reverse the conviction for first degree rape and remand with instructions to dismiss the charge. *See*

*Burks v. United States,* 437 U.S. 1, 18, 98 S.Ct. 2141, 2150–51, 57 L.Ed.2d 1 (1978).

For his third and final assignment of error, the appellant claims that prosecutorial misconduct deprived him of a fair trial. First, any error which may have resulted from the prosecutor's assertion in his opening statement that the victim's testimony would show she was raped has been cured by our reversal of the first degree rape conviction. Second, in reviewing the prosecutor's closing argument, we find the comments complained of were reasonable inferences adduced from the evidence presented at trial. *Young v. State,* 695 P.2d 868, 870 (Okl.Cr.1985). This assignment of error is without merit.

In light of the above, the judgments and sentences for First Degree Burglary and for Forcible Sodomy are AFFIRMED. The judgment and sentence for First Degree Rape is REVERSED and REMANDED with instructions to dismiss the charge.

BRETT, P.J., and BUSSEY, J., concur.