**Raymond LOMAHAITEWA, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–818.**

Court of Criminal Appeals of Oklahoma.

June 27, 1978.

Jim McClendon, Broken Bow, for appellant.

Larry Derryberry, Atty. Gen., Givens L. Adams, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Raymond Lomahaitewa, hereinafter referred to as defendant, was

charged, tried and convicted by a jury of First Degree Manslaughter, in violation of 21 O.S.1971, § 711, in the District Court, McCurtain County, Case No. CRF–77–130. Punishment was assessed at four (4) years' imprisonment. From judgment and sentence defendant has perfected an appeal to this Court.

This case arises out of a two car automobile collision which occurred on a county road near Broken Bow at about 4:30 p. m. on August 6, 1977. The defendant was driving one vehicle and Wanda Bunn was the driver of the other. Ms. Bunn died as a . result of the injuries which she received. In support of the charge of First Degree Manslaughter, the State alleged and proved that the defendant was driving while under the influence of liquor at the time of the collision. Several officers who investigated the accident testified that in their opinion the defendant was intoxicated. Further, a blood test showed the defendant to have 0.33% blood alcohol content.

The defendant testified that he was not drunk and further testified that the accident occurred because of mechanical difficulties which he was experiencing with his car. Several defense witnesses also testified that they observed the defendant on the day of the accident and that he was not intoxicated.

■ The defendant's first assignment of error is that the trial court erred in failing to sustain his motion to quash the information. As noted previously, defendant was charged with First Degree Manslaughter, 21 O.S.1971, § 711, which states, inter alia, that a homicide is manslaughter in the first degree "when perpetrated without a design to effect death by a person while engaged in the commission of a misdemeanor." The Information in this case states essentially that while driving under the influence of alcohol, defendant caused the death of Wanda Bunn. Defendant's contention is that 47 O.S.1971, § 11–903, the vehicular or negligent homicide statute, repealed by implication the applicability of the first degree manslaughter statute in cases such as this one. Defendant recognizes that we

have considered this argument before and rejected it. See *Ritchie v. Raines,* Okl.Cr., 374 P.2d 772 (1962); *White v. State,* Okl.Cr., 483 P.2d 751 (1971); *Short v. State,* Okl.Cr., 560 P.2d 219 (1977). Defendant urges, however, that we reconsider our holding in *Ritchie v. Raines,* supra. This we decline to do. The defendant's first assignment of error is without merit.

■ Defendant's second assignment of error is that the verdict is not supported by sufficient evidence, is contrary to law, and is in disregard of the court's instructions. These contentions are without merit and, further, are not supported by citations to authority, a necessary prerequisite for consideration by this Court. See, *Sandefur v. State,* Okl.Cr., 461 P.2d 954 (1969).

■ Defendant's third assignment of error is that the trial court erred in admitting State's Exhibit No. 2, a form which contains the result of defendant's blood test. The form was filled in by the chemist who performed the test. Prior to performing the test, the chemist made a photocopy of the label of the box which contained the blood samples. The form and the photocopy, rather than being attached to each other, are both incorporated into the same document on a single sheet of paper. The label had been attached to the box by the arresting officer at the time the blood was taken. After receiving the blood from the nurse who drew it, the arresting officer placed the samples in the box for mailing, attached the label, and filled it out. The label contained such information as the defendant's name, the arresting officer's name, the date, time and place, and the nurse's name who drew the blood.

The defendant has no objection to the form which contains the blood test results, however, he contends that the photocopy of the label is hearsay evidence and that it should not have been admitted. This contention is without merit.

In *Oklahoma Department of Public Safety v. Robinson,* Okl., 512 P.2d 128, 134 (1973), it is stated:

"A record of primary facts, made by a public officer in the performance of official duty may be competent prima facie evidence of the existence of such primary facts. However, expressions of opinion or conclusions or other statements involving the exercise of judgment and discretion made by public officer, voluntarily or pursuant to an official duty are not admissible in evidence to prove any fact disclosed therein although they are part of a public record. . . ." (Citations omitted)

Here, the label was a record of primary facts made by a public officer in the performance of his duty, and it was therefore competent evidence of the matters contained within it. There was, therefore, no error in allowing State's Exhibit No. 2 to be admitted into evidence.

 The fourth assignment is that the State failed to prove that the blood was drawn from the defendant within two hours of his arrest, as required by 47 O.S.Supp. 1972, § 756. However, a review of the record reveals ample evidence in this regard. Trooper Jim Coffman, the arresting officer, testified that he placed defendant under arrest at about 5:30 p. m. and that the blood was drawn about 6:30 p. m. The label which the officer attached to the mailing box indicates that the blood was drawn at 1829 p. m., as written on the label and which would be 6:29 p. m. As stated above, the label was competent evidence of the matters contained therein. *Oklahoma Department of Public Safety v. State,* supra.

For the foregoing reasons, the judgment and sentence is AFFIRMED.

BUSSEY, P. J., and CORNISH, J., concur.