**Dewayne L. COBBS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–79–419.**

Court of Criminal Appeals of Oklahoma.

May 15, 1981.

Johnie R. O'Neal, Asst. Public Defender, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., Danny K. Shadid, Asst. Atty. Gen., Mary Bryce Leader, Legal Intern, State of Oklahoma, Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant was convicted of Armed Robbery in Tulsa County District Court Case No. CRF–77–3478. Punishment was fixed at five (5) years' imprisonment.

Six allegations of error are alleged, one of which contains sufficient merit to re-

quire reversal. Although defense counsel failed to object to the numerous instances of prosecutorial misconduct, we conclude that their combined effect was so prejudicial as to adversely affect the fundamental fairness and impartiality of the proceedings and mandate a new trial. See *Reeves v. State*, 601 P.2d 113 (Okl.Cr.1979).

In view of our disposition of the case this Court deems it unnecessary to mention each prejudicial remark, but we find the following significant:

The prosecutor, Mr. La Sorsa, speculated on the robbers intent when he stated:

"... Do you know how close that robbery is to murder? [Tr. 525]

The evidence in no manner provided a reasonable basis to infer intent to commit the specific crime of murder.

And again, not unlike the language criticized in *Lewis v. State*, 569 P.2d 486 (Okl. Cr.1977), the prosecutor went beyond the bounds of proper argument by indirect reference to the appellant as a liar:

"... Were these Defendants mistaken or were they lying to you when they told you that? ..."

Additionally, at page 550 of the transcript the prosecutor remarked:

"What we lawyers say is not evidence. You have already heard the evidence. You don't have to presume them innocent any longer because you're not going to hear anymore evidence. He says that they are cloaked in a cloak of innocence. I say to you, not me, but the evidence has removed that cloak and shown you what they really are ..."

Turning next to the prosecutor's "signpost" argument, we find language playing on societal alarm, condemned by this Court in *Cooper v. State*, 584 P.2d 234 (Okl.Cr.1978):

"Do you want the kind of city where a 17 year old girl can have the opportunity to go out and make a decent living: Or do you want it like New York where you can't go out at night?" [Tr. 547]

"During the five years that I have been in prosecution, I have developed in my opinion what I consider an expertise in making a recommendation as fair and just punishment under the facts and circumstances and I have one to make today to you people." [Tr. 551]

"Tulsa is a great place, but every time, every time, every time a criminal case is committed, the victim suffers, the people suffer and you have a golden opportunity. You have a chance to say your piece. I told you during voir dire and you agree with me that you were the last wall between an ordered society and chaos. And with regard to the chaotic society that we live in today, there is a sign post that's on the edge of Tulsa. And it says. 'Tulsa: a Law and Order Town Where The People Rule.' And every time a crime is committed, every time one of our citizens is violated, every time someone gets hurt at the hands of a criminal, the sign gets run over and it's driven upon and you can't see it hardly anymore. I can't do it alone. I want to lift that sign up and put it back up and take it out of the hands of people like the gunners and the wheel men and dust it off and when somebody comes to our town and wants to run it over again he's going to see it up. 'Tulsa, We Are a Law and Order Town Where The People Rule.' That's why the recommendations, ladies and gentlemen. Do you want them out? Do you want to put them in a position where they can come out and do it again or do you want to speak once and for all and say no?" [Tr. 551–552]

Similar comments, instilling in jurors minds the impression that they are accountable for the burgeoning crime rate, were found to be reprehensible and constituting error in *Robinson v. State*, 521 P.2d 1401 (Okl.Cr. 1974).

Furthermore, in our opinion, when taken as a whole the prosecutor's prejudicial statements are in contravention of sections 3–5.8 and 3–5.9 of the American Bar Association Standards for Criminal Justice, relating to the prosecution function. Accordingly, the judgment and sentence is REVERSED AND REMANDED FOR NEW TRIAL.

BRETT, P. J., concurs.

BUSSEY, J., dissents.