William JOHNSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–473.

Court of Criminal Appeals of Oklahoma.

Aug. 30, 1982.

David L. Miller, Asst. Public Defender, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Appellate Crim. Div., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Judge:

The appellant, William Johnson, was convicted upon trial by jury in Oklahoma County District Court for two counts of Robbery with Firearms. He was sentenced to seven and one-half years' imprisonment on each count, said sentences to run concurrently, and he appeals.

At 8:30 a.m., on February 5, 1981, a McDonald's hamburger store in Oklahoma City, Oklahoma, was robbed at gunpoint. Two men wearing ski masks took money from several cash registers and a five-dollar bill which had been placed on the counter by a customer. A description and tag number of the robbers' automobile was relayed to Oklahoma City Police; it was stopped by police shortly thereafter. The four occupants of the automobile, one of which was the appellant, were apprehended. Two McDonald's money sacks, ski masks and guns were recovered from the automobile.

The appellant subsequently confessed to his participation in the robbery. The confession was admitted against him at trial.

Count one of the information charged the appellant with the armed robbery of the McDonald's store. Count two charged him with robbing the customer of the five dollars she had placed on the counter. The appellant's sole allegation of error questions whether count two actually constituted a separate crime and, alternatively, argues that proof of count two constituted inadmissible evidence of other crimes.

We do not agree with either of the appellant's contentions. The acts of the appellant and his accomplice(s) constituted two separate, yet intertwined offenses. Clearly the robbery of the McDonald's cash registers comprised one count of robbery with firearms. The taking of the five-dollar bill from the counter amounted to a robbery of the customer, not McDonald's. The money had been tendered by the customer, however, it had not been accepted by the agent for McDonald's in exchange for food. No change had been made, nor was the bill in the hands of the clerk. The offer thus not having yet been accepted, the five-dollar bill belonged to the customer.

Having established that two separate armed robberies occurred during the episode, we hold that the prosecutor properly alleged them as separate counts of a single information. The crimes stemmed from the same transaction or series of transactions and should have been charged together. *Dodson v. State,* 562 P.2d 916 (Okl. Cr. 1977); *Chaney v. State,* 612 P.2d 269 (Okl. Cr. 1980); 22 O.S. 1981, § 436 et seq. All the evidence necessary to prove the first count was the same necessary to prove the second. A significant amount of time, expense and effort on all parties involved was saved by the joinder, with no prejudice to the appellant. *Dodson,* supra; *Chaney,* supra. There was no error. AFFIRMED.

BRETT, P. J., and CORNISH, J., concur.