**Nicholas Wayne SCOTT, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–82–620.**

Court of Criminal Appeals of Oklahoma.

Jan. 4, 1984.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen. of Okl., Susan B. Agosta, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

The appellant, Nicholas Wayne Scott, was charged by information in Tulsa County District Court, Case No. CRF–81–2456, with Rape in the First Degree (Count I) and Burglary in the First Degree (Count II). The jury found him guilty of both charges. He was sentenced to seventy-five (75) years' imprisonment for Count I and twenty (20) years' imprisonment for Count II, said sentences to run consecutively. From these judgments and sentences, the appellant now appeals.

Evidence introduced at trial showed that on the evening of July 8, 1981, K.J.W., an unmarried school teacher, was awakened in her bedroom by a masked intruder wielding a large kitchen knife. Threatening her with the knife, he told her to remove her clothing. The intruder then removed his own clothing, including the mask he had been wearing. K.J.W. recognized the man as a neighbor who had acted strangely towards her a few days earlier. In the two hours that followed, the man raped K.J.W. five times. She finally convinced him to leave, but before he walked out the door he asked her to have dinner with him the next day. She refused. K.J.W. called the police, and directed them to the house in which she believed the intruder lived. The officers found a man matching the description given by K.J.W. asleep on the couch, whereupon the appellant was arrested and taken into custody. At trial K.J.W. identified the appellant as her assailant.

In his first assignment of error, the appellant contends that an improper comment by the trial court deprived him of a fair and impartial trial.[1] The appellant argues that

---

1. MR. WALLACE: On the one hand the State has built up a strong burglary case, they have got some corroborating evidence and let's look at the other evidence they have at their disposal that was not brought in.

   MR. O'MEILIA: I would object to that, Your Honor. He has the subpoena power to bring in anything he wants to bring in.
   MR. WALLACE: Your Honor, I'm referring to testimony that the officers gave. I object to the prosecutor's inferring that the defense

not only did the comment reveal the trial court's prejudice against the appellant to the jury, but that it also violated 22 O.S. 1981, § 701, which forbids comment on the defendant's failure to testify or produce evidence. We do not agree.

■ After a careful review of the record, we fail to see how the brief comment by the trial court indicated any prejudice against the appellant to the jury, particularly since the trial court ultimately allowed the defense counsel to proceed with his original line of argument. Further, it is apparent from the record that the trial court's response did not amount to a comment on the appellant's failure to testify, as contemplated by 22 O.S.1981, § 701. This assignment of error is without merit.

■ In his second assignment of error, the appellant complains of improper comments made by the prosecutor during closing argument. Specifically, the appellant claims that the prosecutor played upon societal alarm and victim sympathy; referred to the possibility of pardon and parole; and instilled in the juror's minds that they were responsible for a burgeoning crime rate.[2]

has to prove anything. The State has the burden of proof.
THE COURT: *You could subpoena anything you wanted to.*
MR. WALLACE: Ask that the jury be admonished and move for a mistrial.
THE COURT: I would overrule that. (Tr. 113) (Emphasis added).

2. The comments complained of are as follows:
(A) We talked about the terms of punishment in voir dire and the Judge has given you those instructions. The crime of first degree burglary carries a minimum of seven years and a maximum of 20 years. I think you all know why it carries more than a second degree burglary. That statute was passed to protect each and every one of you citizens of Tulsa County just as it was passed to protect K.J.W.
MR. WALLACE: Objection. Mr. O'Meilia is making a law and order argument and that's improper and would ask that the jury be admonished to disregard it. We're here for the trial of Nicholas Wayne Scott and nothing else and would move for a mistrial.
THE COURT: I would overrule that and give you an exception. (Tr. 107).

We have reviewed the comments, only two of which were objected to at trial and, in light of the overwhelming evidence against the appellant, do not find that they were of such a nature as to have influenced this jury's verdict or sentence. This assignment of error is without merit.

■ In his final assignment of error, the appellant alleges that the combined comments of the trial court and the prosecutor resulted in an excessive punishment. We have repeatedly held that this Court will not modify an allegedly excessive sentence unless, under all the facts and circumstances, we can say that it is so excessive as to shock the conscience of the Court. *Baldwin v. State,* 596 P.2d 1269 (Okl.Cr.1979), and cases cited therein. Considering the nature of the offense, the multiplicity of the acts, and the use of a weapon, we cannot say that the sentence imposed shocks this Court's conscience. *Fields v. State,* 501 P.2d 1390 (Okl.Cr.1972); *Boyd v. State,* 572 P.2d 276 (Okl.Cr.1977).

For the foregoing reasons, the judgment and sentence appealed from is AFFIRMED.

CORNISH and BRETT, JJ., concur.

(B) When do you want to see this man released? I'm going to make a recommendation to you in a few moments as to what I consider to be a fair and just punishment and at first glimpse it may seem a little outrageous to you, but, again, I ask you to consider the outrageous set of circumstances which that man created which justifies the sentence that I'm going to request and I think the circumstances justify that the crime of first degree rape that you begin—and I emphasize "Begin" your deliberations—at not less than 99 years in the penitentiary, not less than 99. (Tr. 109).
(C) And this man who was so modest that he didn't want to get dressed in front of her, this man who has the gall to ask of this woman he has just raped five separate times out for dinner. Sure, let's tell rapists, go ahead and ask your victim out to dinner as you're leaving and the jury will let you go.
MR. WALLACE: Objection, that's improper argument. He is again making a community standard argument and ask that the jury be admonished to disregard it.
THE COURT: I would overrule that and give you an exception. (Tr. 118–19).