**Lonnie Joe DUTTON, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–79–337.**

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1984.

Rehearing Denied Jan. 31, 1984.

James W. Berry, James W. "Bill" Berry & Associates, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

Lonnie Joe Dutton was convicted by a jury of Murder in the First Degree in the District Court of Oklahoma County. The death penalty was imposed.

Dale Eugene Gray, the deceased, was gunned down after being robbed on January 2, 1979, while working in the Cottage Bar in Oklahoma City. His mother, Wanda Honeycutt, was also shot, but recovered and testified at appellant's trial, identifying Dutton. On January 5, and January 11, 1979, appellant admitted to police officers that he shot both victims while his confederate, Carl Sheldon Morgan, waited in the car. He also gave written statements concerning his involvement in another robbery-murder of one Wilma Speaks on January 1, 1979 at the Agnew Bar in Oklahoma City, Oklahoma.

Appellant first assigns as error the trial court's failure to grant his pre-trial motion for change of venue. Appellant's confederate, Carl Sheldon Morgan, was granted a change of venue and was tried in Tulsa County. Dutton argues that the publicity was equally damaging for both, and that his motion should have been granted.

We first point out that appellant failed to follow the procedure prescribed by 22 O.S.1971, § 561 in presenting his change of venue motion to the trial court. A written and verified petition is not contained in the record, nor were affidavits of credible witnesses submitted. The petition, not being properly before the trial court, is not properly before the appellate Court. *Ake v. State*, 663 P.2d 1 (Okl.Cr.1983).

Appellant had the burden to demonstrate that he could not get a fair trial in Oklahoma County. He provided no evidence to prove this, but rather relies on the fact that Carl Sheldon Morgan was granted a change of venue supposedly on the basis of adverse pre-trial publicity. Appellant has failed to overcome the presumption that he was able to receive a fair trial. *Hammons v. State*, 560 P.2d 1024 (Okl.Cr.1977). The mere showing of adverse pre-trial publicity will not overcome this presumption especially where an extensive voir dire was allowed, as was done here, to ferret out those juror's who were unable to render a verdict solely upon the evidence presented at trial. *Russell v. State*, 528 P.2d 336 (Okl.Cr.1974). That a change of venue was granted to his accomplice does not necessarily dictate that a change of venue be granted appellant. *See, State ex rel. Young v. Warren*, 536 P.2d 965 (Okl.Cr.1975). The trial judge did not abuse his discretion in denying appellant's motion.

Appellant next assigns as error the trial court's refusal to conduct a competency hearing prior to trial. His attorney states that Dutton made an outburst at trial and refused to assist counsel in his own defense.

Appellant was tried in May of 1979. The controlling statute at that time was 22 O.S.1971, § 1162 (now 22 O.S.1981, § 1162). It required that a jury be impaneled to determine a criminal defendant's competency to stand trial or to be sentenced when "a doubt arises" as to defendant's present sani-

ty. The doubt referred to in the statute is that in the trial judge's mind after an evaluation of the facts, source of information, and motive. The trial judge's finding is not disturbed on appeal absent a showing of clear abuse of discretion. *Beck v. State,* 626 P.2d 327, 328 (Okl.Cr.1981).

■ In the present case, the trial judge made a determination that appellant was competent to stand trial based upon his own observations as well as the opinions of two psychiatrists who examined appellant at his attorney's request on the second day of trial. They reported that appellant was simply "scared stiff". Appellant's lack of cooperation with his attorney was due to his fear of the possible consequences if found guilty, as opposed to an inability to appreciate the proceedings. The trial court had ample opportunity to observe appellant's conduct during the trial and prior to sentencing. *Reynolds v. State,* 575 P.2d 628 (Okl.Cr.1978). We find that no abuse of discretion occurred.

■ Appellant next contends that two prospective jurors were improperly dismissed for cause under *Witherspoon v. Illinois,* 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). The veniremen tended to hedge when answering questions by the prosecutor and judge, but ultimately indicated that their views regarding capital punishment would prevent or substantially impair performance of their duties as jurors. Juror Rutherford, when asked if he could decide the issue of guilt without considering the potential penalties, remarked: "I don't believe I could. I don't believe I could get that off my mind, no." A juror who cannot impartially decide guilt violates his oath, and this is a proper challenge for cause under the directives of *Witherspoon. Adams v. Texas,* 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980). Juror Hopcus remarked, when asked whether she could ever vote to impose the death penalty, "I don't think I could." This juror indicated by her several answers that she was irrevocably committed prior to trial to vote against the death penalty. This is also proper cause to

excuse a juror under *Witherspoon,* 391 U.S. at 522, n. 21, 88 S.Ct. at 1777, 20 L.Ed.2d at 785; see also *Jones v. State,* 660 P.2d 634 (Okl.Cr.1983).

Appellant assigns as error the admission into evidence of his statements to police officers after he was arrested on January 5, 1979, but prior to his arraignment on January 11, 1979. Appellant urges that the delay in arraigning him was unnecessary and infringed upon his constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution, rendering his statements involuntary.

■ The right to come before a magistrate without unnecessary delay is a statutory (22 O.S.1981, § 181), not a federal constitutional right. *Delaney v. Gladden,* 397 F.2d 17 (9th Cir.1968), *cert. den.,* 393 U.S. 1040, 89 S.Ct. 660, 21 L.Ed.2d 585; *Stidham v. State,* 507 P.2d 1312 (Okl.Cr.1973). The burden is upon the appellant to demonstrate a delay, and that he was prejudiced by such delay. *E.g., Stidham,* supra.

> [T]his court has never held that taking a statement or confession of an accused person prior to his arraignment will per se vitiate such statement or confession nor render it inadmissible upon a subsequent trial of the accused.

*In re Dare,* 370 P.2d 846, 854 (Okl.Cr.1962). In *Dare,* a delay of thirty-three days did not of itself cause prejudice.

■ Each of appellant's statements were introduced only after the trial judge conducted a *Jackson v. Denno* [1] hearing and found them voluntary. The jury was instructed that they should not consider this evidence unless they found it to be voluntarily given. Upon a review of the record, we are satisfied that the delay in arraigning appellant did not coerce the admissions.

Appellant next asserts that the trial court, prosecutor, and his own counsel made unconstitutional comments on his refusal to testify. During trial, appellant was not responsive to his appointed counsel unlike prior to trial. Appellant was examined by

1. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908    (1964).

two psychiatrists and found to be "scared", but competent to stand trial. These doctors advised the trial judge that delaying appellant's trial would only worsen this condition. The trial proceeded, and defense counsel announced during opening statement that appellant would testify. The defense theory was that appellant committed the crimes under duress from his accomplice. Appellant did not respond when called by his attorney to testify. The trial judge immediately called the attorneys and appellant into chambers and there advised appellant of his right to testify or to not testify. He advised appellant that he could be cross-examined about prior felony convictions if he did take the witness stand. The appellant would not respond to the judge. Court was again called into session and defense counsel again called appellant to testify. Appellant did not respond to his attorney's calls and the defense rested, having no further evidence. The trial judge twice ordered the record to show that the "Defendant sits silent" and declines to testify, and once stated that the defense rested, "there being no evidence presented to the jury." During closing arguments, defense counsel remarked that his client was "physically unable" to testify. The prosecutor objected that there was no evidence of that nature, and the judge sustained the objection.

From a review of the record, it is apparent that any error which may have occurred was invited by defendant and his trial counsel. We have previously held that a defendant may not complain of error he has invited, and that reversal cannot be predicated upon such error. *Fox v. State,* 524 P.2d 60 (Okl.Cr.1974). See also *Lockett v. Ohio,* 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978).

The judge's remarks were made simply to clarify for the record what had occurred. Moreover, the objection by the prosecution and the trial judge's ruling did not constitute a comment upon appellant's refusal to testify. *Wills v. State,* 636 P.2d 372 (Okl.Cr.1981).

Appellant implies that he received ineffective assistance of counsel in this regard. A criminal defendant should receive reasonably competent assistance of counsel. *Johnson v. State,* 620 P.2d 1311 (Okl.Cr.1980). However, this does not mandate flawless counsel or counsel judged ineffective by hindsight. *Clark v. Blackburn,* 619 F.2d 431 (5th Cir.1980). See also *Johnson,* 620 P.2d at 1313. We should not now second guess defense counsel's trial strategy. *Id.* We are unable to conclude upon a review of the record that the level of competency fell below the standard required by the law, especially in light of appellant's conduct, which contributed to the alleged error.

As appellant's sixth allegation of error, he asserts that the trial court erred in admitting several photographs of the deceased on the floor of the bar. The pictures depicted the gun shot wound to the head, as well as the position of the body in relation to the room. Appellant complains that the photographs were not accurate since the body, which originally lay face down, had been turned upright, and that they served no other purpose than to inflame the passions of the jury.

We disagree. The jury was made aware that the body had been moved. Furthermore, the photographs were not unduly gruesome and helped the jury to visualize the crime scene, and tended to corroborate the pathologist's testimony of the cause of death. Thus, we find its probative value outweighed any prejudicial effect. *Boutwell v. State,* 659 P.2d 322 (Okl.Cr.1983).

Appellant next assigns as error the trial court's failure to instruct the jury, *sua sponte,* that they could draw no adverse inferences from appellant's refusal to testify. Appellant's authority for such an assignment, *Carter v. Kentucky,* 450 U.S. 288, 305, 101 S.Ct. 1112, 1121, 67 L.Ed.2d 241, 254 (1981), provides:

The failure to limit the jurors' ·speculation on the meaning of that silence, *when the defendant makes a timely request that a prophylactic instruction be given,* exacts an impermissible toll on the full

and free exercise of the privilege. Accordingly, we hold that a state trial judge has the constitutional obligation, *upon proper request,* to minimize the danger that the jury will give evidentiary weight to a defendant's failure to testify. (Emphasis added.)

The obligation to so instruct does not arise until a proper request is made. We reject appellant's assertion that a trial judge is obligated to give a cautionary instruction on its own initiative. See also *Cole v. State,* 645 P.2d 1025 (Okl.Cr.1982).

■ Appellant further complains, citing *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), that the court's instruction on Murder in the First Degree improperly shifted the burden of proof to appellant to prove that he did not have a deliberate intention to effect the homicide. The portion appellant finds offensive provides: "It will be sufficient proof of such deliberate intention if the circumstances attending the homicide and the conduct of the accused convince you beyond a reasonable doubt of the existence of such deliberate intention at the time of the homicide." *Sandstrom* concerns only presumptions concerning an element of the crime which are mandatory, or shifts the burden to defendant to disprove the element. *Id.* at 524, 99 S.Ct. at 2459, 61 L.Ed.2d at 51. The portion of the instruction which appellant complains of is neither. Rather, it instructs the jury that they may discern a deliberate intent from circumstantial evidence. This was proper under Oklahoma law. *McFarland v. State,* 648 P.2d 1248 (Okl.Cr.1982).

■ This Court has previously held that in certain instances it is proper for the trial judge to instruct the jury that it should view identification testimony with caution. *Melot v. State,* 375 P.2d 343 (Okl.Cr.1962). Appellant contends that the trial court erred in failing to so instruct his jury. However, he failed to request such an instruction, and thereby waived any error in this regard. *Luckey v. State,* 529 P.2d 994 (Okl.Cr.1974).

■ In a capital case, this Court will carefully review the record and consider all matters presented which are supported by the record. *Hathcox v. State,* 94 Okl.Cr. 110, 230 P.2d 927 (1951); *Parish v. State,* 77 Okl.Cr. 436, 142 P.2d 642 (1943). Appellant requested at the beginning of the trial that all witnesses be sequestered. See 12 O.S. 1981, § 2615. Appellant's mother remained in the courtroom during all of the proceedings. Defense counsel attempted to call her as a witness during the sentencing stage, but, the trial judge refused to permit her to testify. Appellant asserts that this was an abuse of discretion.

■ We are unable to discern from the record what testimony in mitigation appellant's mother would have presented. The exclusion of evidence is not ground for error unless a party makes a record of the proposed evidence or the proposed evidence is obvious from the context. 12 O.S.1981, § 2104(A)(2). Appellant's mother and father testified prior to formal sentencing that appellant had been committed to hospitals on several occasions for treatment of his emotional problems. Each occasion had been precipitated by drug abuse, according to her statements. Assuming that this is the same evidence the mother would have given in mitigation, there was no harm resulting to appellant. There was no claimed defense of insanity or drug intoxication. The hospitalization she described occurred four or five years prior to the alleged crime. This evidence was inconsequential to the defense of duress.

■ As appellant's final assignment of error, he asserts that he should have received a preliminary hearing on the aggravating circumstances the State intended to prove. We have previously denied such a requirement, and do likewise here. See *Stafford v. State,* 665 P.2d 1205 (Okl.Cr. 1983); *Johnson v. State,* 665 P.2d 815 (Okl. Cr.1983); and, *Brewer v. State,* 650 P.2d 54 (Okl.Cr.1982).

■ On review of the record, we find that the sentence of death was not imposed under the influence of passion, prejudice, or

any other arbitrary factor. 21 O.S.1981, § 701.13(C)(1). We also find that the evidence supports the jury's finding that two aggravating circumstances existed: that the appellant knowingly created a great risk of death to more than one person; and, that there existed a probability that the appellant would commit criminal acts of violence that would constitute a continuing threat to society. 21 O.S.1981, § 701.12(2) & (7).

By appellant's statements to police officers, he participated in a murder in addition to the killing of the decedent herein, and the shooting of the decedent's mother. His statements also reflect that he was the one who borrowed the gun for the purpose of committing robberies. His claim that he acted out of fear of his accomplice are contradicted by statements in his confession that he never tried to get away from Morgan. Rather, he continued his course of crime, and even performed the task of dividing the loot. There was testimony from Joseph James Seija, another robbery victim of appellant and his accomplice, Morgan, that appellant told Morgan that they should kill their victims. Morgan refused this suggestion. This record sufficiently supports the jury's findings.

We further find that the sentence is not excessive nor disproportionate compared with the penalty imposed in similar cases, considering both the crime and the defendant. 21 O.S.1981, § 701.13(C)(3). Comparison has been made with several prior decisions in which the death sentence was affirmed, *Coleman v. State,* 668 P.2d 1126 (Okl.Cr.1983); *Stafford v. State,* 665 P.2d 1205 (Okl.Cr.1983); *Ake v. State,* 663 P.2d 1 (Okl.Cr.1983); *Smith v. State,* 659 P.2d 330 (Okl.Cr.1983); *Parks v. State,* 651 P.2d 686 (Okl.Cr.1982); *Jones v. State,* 648 P.2d 1251 (Okl.Cr.1982); *Hays v. State,* 617 P.2d 223 (Okl.Cr.1980); and *Chaney v. State,* 612 P.2d 269 (Okl.Cr.1980); those reversed or modified, *Johnson v. State,* 665 P.2d 815 (Okl.Cr.1983); *Hatch v. State,* 662 P.2d 1377 (Okl.Cr.1983); *Jones v. State,* 660 P.2d 634 (Okl.Cr.1983); *Munn v. State,* 658 P.2d 482 (Okl.Cr.1983); *Driskell v. State,* 659 P.2d 343 (Okl.Cr.1983); *Boutwell v. State,* 659 P.2d 322 (Okl.Cr.1983); *Odum v. State,* 651 P.2d 703 (Okl.Cr.1982); *Brewer v. State,* 650 P.2d 54 (Okl.Cr.1982); *Hall v. State,* 650 P.2d 893 (Okl.Cr.1982); *Burrows v. State,* 640 P.2d 533 (Okl.Cr.1982); *Franks v. State,* 636 P.2d 361 (Okl.Cr.1981); *Irvin v. State,* 617 P.2d 588 (Okl.Cr.1980); and in particular, to those involving murder in the course of robbery, *Johnson v. State,* 665 P.2d 815 (Okl.Cr.1983); *Ake v. State,* 663 P.2d 1, (Okl.Cr.1983); *Smith v. State,* 659 P.2d 330 (Okl.Cr.1983); *Irvin v. State,* 617 P.2d 588 (Okl.Cr.1980); and, *Hays v. State,* 617 P.2d 223 (Okl.Cr.1980).

The judgment and sentence of death is AFFIRMED.

BUSSEY, P.J., and BRETT, J., concur.