**Paul Austin LAMORA, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–387.**

Court of Criminal Appeals of Oklahoma.

April 4, 1986.

John N. Fleur, Nicklas, Saenz & Lile, Inc., Lawton, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Paul Austin Lamora was tried by jury and convicted in Comanche County District Court of Child Stealing and Lewd Molestation. He received sentences of eight years' and fifteen years' imprisonment, respectively.

Appellant, having grabbed his eight-year-old victim, J.S., from a yard in which she was playing, put her into his van. J.S.'s father was summoned by another child to come help his daughter. Her father ran to the van parked in the cul-de-sac by the mobile home in which he was visiting. He opened the sliding side door where appellant was lying on top of J.S. with his pants part way down over his buttocks. Appellant was eventually wrestled to the ground outside of the van after being subdued by J.S.'s father and two other men.

J.S.'s father was visiting in the home of Terry and Charlotte Thrash at the time of the incident. When he raced to the van, Charlotte Thrash followed and was also looking into the van when the side door was opened. She says when she observed appellant, he was lying on top of J.S. with his pants down to his knees. As he rose to his knees, he pulled his pants up. She stated that J.S.'s shorts and panties were at her knees.

Appellant testified he had several drinks on the evening of the incident, August 12, 1983, and remembered nothing of the above detailed events. He stated that he had a memory lapse after he had drunk two beers, one mixed drink, and had started his second mixed drink. His first recall after that time was when he awoke in the hospital.

Appellant assigns as error the refusal of the trial judge to excuse for cause two jurors. One juror, Mr. Gomez, indicated he might possibly feel sympathetic for the State. He stated on further questioning, however, that he could fairly judge the evidence and presume that appellant was innocent until proven otherwise.

A second juror, Ms. Leippe, stated that she might be prejudiced since alcohol was involved. But she too on further questioning stated she could and would be fair in judging this case. Appellant used peremptory challenges to excuse both jurors, leav-

ing him with one unexercised challenge when the jury was sworn.

■ We find no abuse of the trial court's discretion in not excusing these jurors for cause. If the court had found that the jurors could not try the issues impartially, to the prejudice of appellant's substantial rights, error would have resulted. 22 O.S. 1981, § 659(2). The record before us manifests the jurors' commitment under oath to fairly and impartially try the case. *Saugstad v. State*, 642 P.2d 616 (Okl.Cr.1982). There is no error in this regard.

■ Appellant next assigns as error the admission of hearsay evidence at trial to prove his age. He claims that since one must be over eighteen years of age to commit the offense of Lewd Molestation of a Minor, 21 O.S.1981, § 1123, (now amended as 21 O.S.Supp.1983, § 1123), the State should not have been allowed to prove his age of twenty-nine years by the testimony of a police officer who determined it from appellant's arrest record.

■ We have held consistently that proof that a defendant is under the age prescribed by statute defining an offense is an affirmative defense. *E.g., Driver v. State*, 634 P.2d 760 (Okl.Cr.1981). A defendant must present evidence that he or she was not eighteen years of age. Appellant did not and could not have presented such evidence. Further this Court has previously held that primary facts may be proven by records made by a public officer in the performance of official duty. *Lomahaitewa v. State*, 581 P.2d 43 (Okl.Cr.1978). The arrest report provides competent evidence of age. The jury was also able to observe appellant and to have determined that he was an adult male over the age of eighteen.[1] *Alger v. State*, 603 P.2d 1154 (Okl.Cr.1979).

■ Appellant further alleges that his demurrer to the evidence of the Lewd Molestation charge should have been sustained because there was no competent evi-

---

1. Appellant also urges there may be a violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), by the police ob-

taining his age. But there was no evidence as to how, when, or by whom this information was collected. Thus, no violation was shown.

dence that he was eighteen years of age at the time of the offense. The jury was instructed that they must find appellant to be eighteen years of age. Having previously found that competent evidence of his age was introduced at trial, we overrule this assignment.

■ Appellant introduced at trial the testimony of several character witnesses. Using the Uniform Jury Instructions, the trial court instructed the jury that evidence had been introduced of appellant's character for "truth and veracity," of "being a peaceful and law-abiding citizen." He assigns as error the omission of several other bracketed terms including "morality," "honesty," and "integrity." OUJI–CR No. 808. He contends that since evidence of these characteristics was admitted, it was error to not instruct regarding them.

Instructions to be given to the jury are discretionary with the trial court, and will not be interfered with if they fairly and adequately state the applicable law. *Campbell v. State,* 636 P.2d 352 (Okl.Cr. 1981). There is somewhat of an overlap between the terms available in the instruction of character evidence. Appellant's evidence conceivably fell within several of the characteristics. But we find the instruction given was sufficient to advise the jury of the law concerning this evidence.

Appellant raised at trial the defense of voluntary intoxication, and the jury was so instructed. For the most part, the instructions given closely followed the pertinent Oklahoma Uniform Jury Instructions. However, the trial court refused to give the instruction defining the phrase "incapable of forming special mental intent," which specified the special states as corruptly, knowingly, wilfully, and maliciously. OUJI–CR No. 736. The jury was in fact instructed, however, that "incapable of forming specific criminal intent" meant the state in which intoxication rendered it impossible to form a criminal intent. See, *Jones v. State,* 648 P.2d 1251 (Okl.Cr.1982).

■ This, we find, was adequate when considered with the instructions defining the offenses which explicitly state the criminal intent necessary for a finding of guilt. The jury was adequately instructed of the applicable law and there was no abuse of discretion. *Campbell v. State,* supra.

The trial court refused appellant's requested instruction that the jury could find he was intoxicated if they were convinced his blood alcohol level was one-tenth of one percent (0.10%) or greater. Appellant reasons since this is the level our Legislature has specified to be prima facie evidence of intoxication in 47 O.S.Supp.1983, § 11–902(A) and 47 O.S.Supp.1982, § 756, this intoxication test should translate to the defense of voluntary intoxication. Appellant concedes these statutes are specific for certain driving related offenses, but argues without authority for the proposition that this objective test is the most equitable test for intoxication as a defense.

■ Intoxication as a defense must reach a level to make formation of the criminal intent impossible. See, *Jones,* supra. This does not correspond to the issue of when one is "under the influence of alcohol" or other intoxicating substance while operating or controlling a motor vehicle. Appellant's contention is unfounded.

■ Finally, appellant contends that his sentences are excessive. However, the sentences are within the range provided by our statute. When this is so, this Court will modify a sentence only when it shocks the Court's conscience upon a study of the facts and circumstances of the case. See *Scott v. State,* 674 P.2d 54 (Okl.Cr.1984) and cases cited therein. Considering that the sentences were each less than the maximum provided and that the trial judge ordered them to run concurrently, we do not find the sentences to be excessive.

Finding no error warranting reversal or modification, judgments and sentences are AFFIRMED.

PARKS, P.J., and BRETT, J., concur.