Murrell FREEMAN, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–309.

Court of Criminal Appeals of Oklahoma.

July 7, 1986.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Murrell Freeman was convicted in Cherokee County District Court of Rape in the First Degree, Forcible Sodomy, and Injury to a Minor Child. He received sentences of forty years', twenty years', and twenty years' imprisonment, respectively, to be served concurrently.

There was evidence presented at trial that appellant, with his wife Linda Freeman acting as an accomplice, raped and sodomized the victim, M.T., in their home on March 21, 1983, and that the two also acted conjointly to inflict injuries to M.T. on March 31, 1983. M.T. had been placed in the Freemans' home as a foster child several months prior to these incidents. She was sixteen years old at the time of the crimes and of the trial.

The Freemans chased M.T. approximately three blocks from their home to a car wash on the evening of March 31, 1983. Linda Freeman held her by the neck while appellant struck M.T. in the face, according to the statements of several eyewitnesses. One witness notified the police and an officer arrived at the Freemans' home where the beating had resumed. Appellant was arrested at this time.

Later the next morning, an officer interviewed Linda Freeman and learned that there had been an "orgy party" some ten days earlier which involved M.T. Linda told the police that M.T. had had sexual relations with appellant after an evening of drinking. She said appellant had suggested to her having such a party several days before and that she had also had sexual relations that night with M.T.'s boyfriend. M.T. testified that Linda and appellant had physically forced her to have intercourse with appellant and then to orally sodomize him. She said she had been too ashamed to admit or report the incident. She only did after being confronted with the fact that Linda said there had been an orgy.

■ Appellant first assigns as error the State's joining all the offenses in one information and trying them all in one trial since one occurred ten days earlier and involved different evidence. Our controlling statutes are 22 O.S.1981, §§ 436–440. They allow the joinder of offenses in a single information and in a single trial if the counts involve the same series of acts or transactions. *Allison v. State*, 675 P.2d 142 (Okl.Cr.1983). The policy subscribed is that of reducing the number of trials and the attendant expenses. *Dodson v. State*, 562 P.2d 916 (Okl.Cr.1977) (Brett, J. specially concurring). Provision is made for severance where a joint trial would prejudice the State or the defendant. 22 O.S.1981, § 439.

Appellant contends that all the evidence at trial except for the victim's allegedly uncorroborated testimony went to proving the Injury to a Minor Child charge. He claims that joinder at the trial resulted in his conviction of the rape and sodomy charges solely upon evidence of the other crime. Appellant reasons that had he received separate trials, evidence of the rape and sodomy would not have been admissible in the trial for the injury offense, and vice versa. But this is not necessarily so. Evidence of offenses other than that charged is admissible for such purposes as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. 12 O.S.1981, § 2404(B). Since appellant's defense to each offense was that he lacked the requisite criminal intent and the evidence of the

other crimes tended to refute this, the evidence would have been admissible even had separate trials been granted.

In the present case, all the offenses involved the same victim, the same defendants, occurred during the two or three month period in which defendants had legal custody of the child, and the testimony from a majority of the witnesses at trial was relevant to each of the offenses. We therefore find no abuse of the trial court's discretion in denying a severance of trial. *Faubion v. State,* 569 P.2d 1022 (Okl.Cr. 1977).

■ Appellant further charges the trial court with error in allowing the State to put on evidence of the other crimes of 1) causing M.T., a minor, to be in possession of alcoholic beverages, 2) of the defendants indecently exposing themselves in front of M.T., and 3) of exposing her private parts. He also complains that evidence he had raped M.T. on a prior occasion should not have been introduced. We note that all of the recited offenses except the last were committed at the same time as the rape and sodomy. Those offenses which are part and parcel of the "entire transaction" (formerly termed res gestae) are properly admissible on that basis alone. *Burks v. State,* 594 P.2d 771 (Okl.Cr.1979). Even had error occurred, defense counsel did not object and waived the alleged error. *Young v. State,* 531 P.2d 1403 (Okl.Cr. 1975).

■ The evidence of a rape occurring prior to the one charged was elicited as a result of questioning of a witness by defense counsel. The accused is solely responsible for error invited by the defense. *Cooper v. State,* 671 P.2d 1168 (Okl.Cr. 1983). This assignment is meritless.

■ Appellant claims he was further damaged by the trial court's failure to give a cautionary instruction to the jury limiting the jury's consideration of the other crimes evidence. He relies on our opinion on *Burks,* supra, for the assertion that such an instruction is required regardless of a request by the defense. But we specifical-

ly noted in that case the court is not required to give the limiting instruction in the absence of an objection to the other crimes evidence. See 12 O.S.1981, § 2106. Appellant did not object to the evidence or request a limiting instruction. As previously noted, the evidence, except for that elicited by defense counsel, was only of crimes coincidental to those charged and did not fall within the guidelines of *Burks.* There is no error.

■ Appellant now claims that the trial court should not have asked him in front of the jury whether he wanted to testify. A few minutes before this, in open court, appellant personally announced that he wanted to take the witness stand after both sides had rested. The trial judge at this point announced a meeting in chambers. Appellant told the judge he wanted to testify though his attorney did not want him to do so. The judge allowed appellant and his counsel to privately confer and tell the court of the decision. After conferring, appellant told the judge he was not going to testify. The judge told them while they were still in chambers that he would ask appellant in open court whether he wished to testify. Appellant and counsel agreed to this and appellant said he would decline before the jury. This was done and the jury was later instructed that they could draw no inferences from appellant's failure to testify.

We find no error in the trial court's conduct. The court's inquiry of appellant was not a violation of 22 O.S.1981, § 701, which forbids calling a criminal defendant to testify save by his or her own choice and disallows comment on a defendant's failure to testify. Nor was appellant's Fifth Amendment right against self-incrimination violated. The trial judge was apparently motivated by the need to clarify for the jury the fact that appellant was not taking the witness stand by his own choice.

Not only did appellant waive any error by agreeing to the court's announced plan to ask him if he wished to testify, appellant's own conduct actually invited any subsequent error. *Dutton v. State,* 674 P.2d

1134 (Okl.Cr.1984). *Dutton* involved a very similar situation to that of this case. After defense counsel had announced that the defendant would testify, Dutton did not respond when asked to do so. Twice the trial judge ordered the record to reflect that defendant sat silent. We found that the judge's remarks were made to clarify the record. We reach the same conclusion in the present case. Any possible error was remedied by the instruction to the jury that no inference could be drawn therefrom.

■ Appellant contends that M.T.'s testimony was improbable, unreliable, contradictory and uncorroborated. Citing *Cooper v. State*, 568 P.2d 1300 (Okl.Cr.1977), he contends that her testimony was the only evidence supporting the rape and sodomy convictions and it was incompetent, resulting in insufficient proof of the offenses. However, it was codefendant Linda Freeman who first discussed the orgy with a police officer. She also testified at trial and again recited the events except she then claimed it occurred consensually and that the party had been M.T.'s idea. In her initial statements to the police she had said the party was appellant's idea and that appellant had made M.T. have intercourse with him. Thus, M.T.'s testimony was properly corroborated.

■ We do not find M.T.'s failure to flee the home or report the incident so unreasonable as to require her testimony to be completely discounted. Her testimony was not so thoroughly impeached as to make it unworthy of belief. *Gamble v. State*, 576 P.2d 1184 (Okl.Cr.1978). Since her recitation of the assaults was essentially corroborated by the statements of Linda Freeman, and her testimony was not so impugned as to make it clearly unworthy of belief and insufficient as a matter of law, our opinion in *Cooper* is inapplicable. Our review of the evidence reveals sufficient evidence from which the jury could find beyond a reasonable doubt that appellant committed the offenses. *Renfro v. State*, 607 P.2d 703 (Okl.Cr.1980).

■ Finally, it is appellant's contention that the sentences imposed are excessive. However, they are within the statutory limits for the crimes. In such an instance, this Court will not modify them unless they are so excessive as to shock the conscience of the Court. *Scott v. State*, 674 P.2d 54 (Okl.Cr.1984).

Each of the crimes were acts of violence against the victim and occurred while the minor had been entrusted to the care and safekeeping of appellant. The evidence against appellant was quite substantial. Under the facts and circumstances of this case, we do not find the sentences improper.

Finding no error warranting reversal or modification, judgments and sentences are AFFIRMED.

BRETT, J., concurs.

PARKS, P.J., dissents.

PARKS, Presiding Judge, dissenting:

The appellant was charged with Rape in the First Degree, Forcible Sodomy and Injury to a Minor Child. Appellant objected to this joinder of offenses and requested a separate trial on the charge of injury to a Minor Child. The majority holds that the trial court did not abuse its discretion by denying appellant's request. *Supra* at 1329. I must respectfully dissent.

The charges in this case were based on two separate incidents. The first incident involved a rape and sodomy of a sixteen year old minor in which both her foster parents, the defendants, were implicated. The second involved an altercation which took place at a public car wash ten days after the incident of rape and sodomy. Again, both foster parents were implicated in the act of physically striking the minor several times in the face. The majority holds that the crimes were properly joined for trial on the ground that they involved the same series of acts or transactions as authorized by this Court's interpretation of 22 O.S.1981, § 436, *Supra* at 1328.

This Court has recently had occasion to interpret the application of Section 436. In

*Glass v. State*, 701 P.2d 765 (Okl.Cr.1985), the Court held that several counts of rape, sodomy, robbery and assault with intent to rape were properly joined for trial when the separate incidents which gave rise to the charges occurred within a few blocks of each other on the same street within a three day time span. In each case, the defendant demanded oral and vaginal sex from his victim, forced or attempted to force the victims to give up jewelry and valuable possessions, and accosted the victims at night. In addition, the defendant used the same weapon in the last two incidents. In determining whether the joinder was proper, this Court stated:

> Under Section 436, joinder of defendants in one information *is permitted only* "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." It therefore follows, under the analysis employed by Judge Brett in *Dodson*, that this same standard applies to joinder of offenses as well. Thus, joinder of separately punishable offenses is permitted if the separate offenses arise out of one criminal act or transaction, or are part of a series of criminal acts or transactions. *Accord Johnson v. State*, 650 P.2d 875, 876 (Okl.Cr.1982) (dicta).

> Turning to the facts of this case, it is clear that all of the charged offenses did not arise out of a single transaction; however, they did occur in a series of transactions. We have never had occasion to interpret the phrase "series of criminal acts or transactions" in this context. In so construing the statute, we are obligated to employ the common and ordinary meaning of the statutory term. *See State ex. rel. Cartwright v. Georgia Pacific*, 663 P.2d 718, 722 (Okl.Cr.1983). The *American College Dictionary* defines "series" as "a number of things, events, etc. ranged or occurring in *spatial, temporal,* or *other succession;* a sequence." *Id.* at 1106 (Emphasis added). Accordingly, joinder of offenses is proper where the counts so joined refer to the same type of offenses occurring over a relatively short period of time, in approximately the same location, and proof as to each transaction overlaps so as to evidence a common scheme or plan. *Accord United States v. Shearer*, 606 F.2d 819, 820 (8th Cir.1979) (construing Rule 8(a), *Fed.Rules of Crim.Proc.*). Mere similarity of offenses does not provide an adequate basis for joinder under our statute. *Accord Drew v. United States*, 331 F.2d 85 (D.C.Cir.1964).

*Id.* at 768.

In this case, the proof as to each transaction clearly does not "overlap so as to evidence a common scheme or plan." The joinder of two such unrelated offenses should be considered to be a violation of due process under the provisions of Section 7 of Article II of the Oklahoma Constitution. I, therefore, would reverse and remand for new trials with instructions to sever the charge of Injury to a Minor Child.