**Linda FREEMAN, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–310.**

Court of Criminal Appeals of Oklahoma.

July 7, 1986.

**1332**

See also, 721 P.2d 1327.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Mary Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Linda Freeman was convicted together with her husband, Murrell Freeman, in Cherokee County District Court of Rape in the First Degree, Forcible Sodomy, and Injury to a Minor Child. She received sentences of fifteen years', fifteen years', and ten years' imprisonment, respectively, to be served concurrently.

The facts are as set forth in *Freeman v. State*, 721 P.2d 1327 (Okl.Cr.1985) (see this publication).

She first asserts as error the joinder of all counts in one information and in one trial. We addressed this same assignment in *Freeman,* supra. For the reasons stated therein, we find it is meritless.

■ Appellant next assigns as error comments made by the prosecutor during closing argument. Defense counsel did not object to any comments now alleged to have constituted misconduct. Therefore, all but fundamental error was waived. *Langdell v. State*, 657 P.2d 162 (Okl.Cr. 1982). We have reviewed the comments and find none grossly improper. *Ellis v. State*, 652 P.2d 770 (Okl.Cr.1982).

■ Finally, appellant complains her sentences are excessive under the facts and circumstances of the case. She argues that since her role in the crimes were secondary, she should receive reduced sentences. We note that her sentences are substantially reduced from those of her codefendant. He received sentences of forty years' imprisonment for the rape conviction and twenty years' on each of the other convictions.

All of the crimes were violent crimes against the victim. They occurred while appellant was entrusted with the care of the minor. We do not find the sentences so excessive as to shock the conscience of the Court, and therefore decline to modify them. *Clark v. State*, 678 P.2d 1191 (Okl. Cr.1984)

Finding no error warranting reversal or modification, judgments and sentences are AFFIRMED.

PARKS, P.J., dissents.

BRETT, J., concurs.

PARKS, Presiding Judge, dissenting:

I must respectfully dissent for the reasons stated in my dissent to *Freeman v. State*, 721 P.2d 1327 (Okl.Cr.1985).

In addition, the prosecutor in this case went well beyond the bounds of proper conduct when he repeatedly stated that the appellant had lied on the witness stand. (Tr. 573-5). This Court has uniformly condemned such comments. *Fulks v. State*, 481 P.2d 769 (Okl.Cr.1971); *Robertson v. State*, 521 P.2d 1401 (Okl.Cr.1974); *Dupree v. State*, 514 P.2d 425 (Okl.Cr.1973); *Cobbs v. State*, 629 P.2d 368 (Okl.Cr.1981); and *Capps v. State*, 674 P.2d 554 (Okl.Cr. 1984).

In some of these cases, we upheld the convictions on the grounds that the defendant had failed to object and the remarks were either fair comments on the evidence or insufficient prejudice existed. *Fulks, Robertson, Capps, Supra.* However, other cases have been reversed despite the lack of sufficient objection. *Dupree, Cobbs, Supra.* For example, in *Dupree*, Judge Bussey quoted with approval the following language from *Ray v. State*, 510 P.2d 1395, 1401 (Okl.Cr.1973):

> This argument was highly improper and should have been stopped by the trial judge and the jury advised to disregard it. Although counsel, in closing argument may comment upon the evidence in the case and logical inferences therefrom, he may not inject his personal opinions or beliefs, nor may he speculate as to future criminal proceedings, nor state that witnesses have committed perjury absent a judgment of perjury. *See* 50 A.L.R.2d 766.

In the face of such repeated condemnations, it is apparent that the prosecutor is either unfamiliar with the rules of this Court, or he is deliberately violating those rules in order to gain an unfair prosecutorial advantage. In either instance, I would apply this Court's reasoning in *Cobbs*, wherein at page 369, we stated:

> Although defense counsel failed to object to the numerous instances of prosecutorial misconduct, we conclude that

their combined effect was so prejudicial as to adversely affect the fundamental fairness and impartiality of the proceedings and mandate a new trial. *See Reeves v. State*, 601 P.2d 113 (Okl.Cr. 1979).

Accordingly, I would reverse and remand for new trials, with instructions to sever the charge of Injury to a Minor Child.